## PEOPLE v. MARKHAM.

The act to suppress gaming must be construed with the general act concerning criminal proceedings; and where a fine is imposed on a conviction for gaming, the defendant may be imprisoned to enforce its payment. The law does not look to the owners of the house for payment of the fine, as they are only liable where gaming is done with their knowledge.

This was an application on *habeas corpus* for a discharge from imprisonment of the defendant, who was convicted of gambling, and sentenced to a fine of one hundred dollars, and ordered to be imprisoned until the fine was paid.

MURRAY, C. J.—The petitioner was indicted and convicted of the offence of dealing a banking game of cards. The Court below imposed a fine of one hundred dollars, and directed him to be imprisoned until the same was paid.

It is now alleged that the imprisonment was unlawful; First, Because the statute under which the petitioner was convicted, does not direct that a party shall be imprisoned upon the non-payment of the fine; and Second, Because the judgment of the Court does not specify the length of time of imprisonment.

The four hundred and sixtieth section of the Criminal Prac-

tice Act, page four hundred and eighty-one, which provides that "a judgment, that the defendant pay a fine, may also direct, that he be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which shall not exceed ten days for every one hundred dollars of the fine, or in that proportion," is a sufficient answer to the first point.

The act of 1855 must be construed with reference to the section above quoted, and as there is no conflict between them, both must stand. But it is said, this will be virtually convicting a man under one law, and punishing him by the provisions of another. The answer to this is, that the imprisonment is not a punishment, but a means of enforcing a payment of the fine, and, even if it should be regarded as a punishment, it would make no difference, as the provisions of this law must be regulated by those of the general act on the same subject, inasmuch as there is no contradiction.

It is contended, however, that by making the house in which gaming is carried on liable, the law looks to it for the satisfaction of the fine. On examination of the statute, it is apparent, that this was not the intention of the Legislature, as the house or place is only liable, in the event of the game being dealt with the knowledge of the owner thereof, which would leave all other cases unprovided for.

Upon the second point, the judgment should have specified the term of the imprisonment, but a failure in this particular is not sufficient to render it wholly inoperative. The law has fixed the time, viz.: Ten days for each one hundred dollars, and as it does not yet appear that the prisoner has been in custody for ten days, he must be remanded until the expiration of that period.

Judge Terry concurs with me in the foregoing views.