## Petition of CRANDALL for a *Habeas Corpus.*

HABEAS CORPUS: *Does not lie for mere error, but only for jurisdictional defects.*

1. *Habeas corpus* does not lie for mere *error*, however flagrant, but only for *jurisdictional* defects, i. e., where there is a want of any legal authority for the detention or imprisonment.

2. Upon an information against the petitioner for an assault with intent to kill, the jury found a verdict of "guilty of an assault *and battery;*" and the court sentenced the petitioner to six months' imprisonment, and to pay a fine of $500, and the costs of the action, and to be imprisoned until payment thereof — a punishment which the statute permits for an assault *and battery,* but not for a simple assault. *Held,* that even if there was error in convicting of an assault *and battery* under the information, there was still no jurisdictional defect, and *habeas corpus* will not lie.

APPLICATION for a Writ of *Habeas Corpus.*

The petition of *Walter G. Crandall* to this court stated that he was unlawfully imprisoned by the sheriff of Rock county, in the county jail of said county; and that he was not committed or detained by virtue of any process, judgment, order or execution specified in the second section of ch. 158 of the revised statutes of this state; nor by virtue of the final judgment or order of any competent tribunal of civil or criminal jurisdiction, nor by virtue of any execution issued on such or-

der or judgment.     The petition further stated the cause or pretense of such imprisonment substantially as follows: that on the 28th of April, 1873, an information was filed against said petitioner in the circuit court for Rock county, charging him with an assault with intent to kill; that he was tried upon this charge by a jury in said court, on the 9th of May, 1873, and upon such trial was convicted of a simple assault, and acquitted of the intent to kill; that afterwards, on the 29th of May, 1873, he was sentenced by said court to imprisonment in the county jail of said county for the term of six months, and to pay a fine of five hundred dollars, and costs of prosecution, and to be committed until such fine should be paid; that at the date of his petition he had been imprisoned, by virtue of said sentence, for more than six months in said jail, by said sheriff, and was then further imprisoned simply because he did not pay said fine and costs, which he was unable to pay; and that such imprisonment was illegal, because said court had no power or jurisdiction to both imprison and fine him upon such conviction (citing sec. 10, ch. 179, R. S.); that the court had sentenced the petitioner for a crime of which he was not convicted, to wit, for an assault *and battery*, under sec. 57, ch. 164, Tay. Stats.; and that the fine imposed upon him was also illegal in that it exceeded, to the amount of the costs, the limit fixed by the statute.

Certified copies of the information, verdict and sentence referred to in the petition are annexed thereto.     The information is for an assault with intent to kill.     The verdict is in this form: " We find the defendant guilty of an assault as charged against him in the indictment."     The sentence was as follows: " That you, *Walter G. Crandall*, be confined in the county jail of Rock county, Wisconsin, for the term of six months, and pay a fine of five hundred dollars, and the costs of this prosecution, taxed at the sum of forty 89-100 dollars; and it is further ordered, that the said defendant stand committed until said fine and costs be paid."

A writ of *habeas corpus* having been issued upon this petition, the sheriff of Rock county produced the prisoner, and made return that said *Crandall* was committed to his custody, and had, since May, 29, 1873, been detained, by virtue of a certain writ, a copy of which was annexed to the return, and the original produced in court. The paper so described is a certificate of the clerk of the circuit court for Rock county (under seal), stating that at a general term of said court, begun and held, etc., said *Crandall* was in due form of law convicted of the crime of "an assault and battery," and that upon such conviction, said court, on the 29th of May, 1873, passed sentence upon him as follows: "That you, *Walter G. Crandall*, be imprisoned in the county jail for the term of six months, and pay a fine of five hundred dollars, and the costs of prosecution, taxed at forty 89-100 dollars, and that you be committed to said county jail until such fine and costs be paid."

*Bennett & Sale*, for the petitioner.

*Pliny Norcross, contra.*

[No briefs on file.]


DIXON, C. J. It is conceded that for mere error, no matter how flagrant, the remedy is not by writ of *habeas corpus*. For error the party imprisoned must prosecute his writ of error or *certiorari*. Nothing will be investigated on *habeas corpus* except jurisdictional defects, or illegality, as some courts and authors term it; by which is meant the want of any legal authority for the detention or imprisonment. The defect here complained of is not jurisdictional. It was at most mere error. There was authority of law expressly given by statute for the sentence pronounced by the circuit court against the petitioner. We can best illustrate our view that the objection is not jurisdictional, by supposing that the question had been raised on the trial of the petitioner, whether a verdict and conviction for assault and battery could be had on an indictment which charged only an assault. If the question had been so raised,

and the circuit court had decided that the indictment was sufficient for that purpose, that such verdict and conviction could be had, and had so instructed the jury, would that have been a mistake going to the jurisdiction? If a petition for discharge by *habeas corpus* had been presented setting forth those facts, could the petitioner have been liberated? We are clearly of opinion that the mistake would not have been jurisdictional, and that the petitioner could not have been discharged. It is obvious that the case as now presented does not differ, or give rise to the application of any different rule. It is wholly immaterial that the mistake of the circuit court, if mistake it was, occurred at the time of passing sentence upon the accused, instead of upon the trial.

An examination of the authorities cited by counsel for the petitioner shows that there was some jurisdictional defect in every case where the writ was allowed. They are like the case put by Mr. HURD, where he says: "It would be *illegal* to sentence a man to imprisonment for a crime which was punishable by a pecuniary fine only."

If there had been no authority in law for the circuit court to punish the petitioner by both fine and imprisonment, a clear case of excess or want of jurisdiction would have been presented, and the petitioner would have been entitled to discharge on this writ. As the case now is, however, he is not entitled to such discharge, but must be remanded to the custody of the sheriff.

· *By the Court.* — It is so ordered.