Petition of Semler.

Petition of SEMLER. (Habeas Corpus.)

HABEAS CORPUS. *(1) When writ denied. (2, 3) Not a substitute for appeal or writ of error. Case stated. (4) Imprisonment in default of bail, on criminal charge; bail subsequently given on second complaint for same offense.*

1. Where the facts stated in a petition for a writ of *habeas corpus* and the papers thereto annexed, if established, will not warrant the discharge of the prisoner, the writ will be denied.

2. The writ of *habeas corpus* is not designed to perform the office of an appeal or writ of error; and cannot be resorted to for the purpose of reviewing orders or judgments which are merely erroneous, made or rendered by a court which had jurisdiction of the subject matter and of the person.

3. Thus, one who is imprisoned in default of bail, by order of a circuit court of this state, in which a criminal information is pending against him for embezzlement of moneys in his possession as county treasurer, will not be discharged by this court upon *habeas corpus*, on the ground that the information is insufficient to charge him with any offense, and that the circuit court erred in refusing to quash it for that reason.

4. Where the petitioner also alleges that upon a complaint subsequently made before a magistrate, he was held to bail and *gave the bail required*, and that the offense thus complained of was *the same* as that described in the information previously filed, but this court, upon inspecting such complaint and other papers annexed, cannot assume that the offense charged is the same, it denies the writ, with a suggestion that the circuit court, on the prisoner's application for that purpose, should inquire into the fact, and, upon finding it to be as alleged, should grant the proper relief in respect to bail.

APPLICATION for a Writ of *Habeas Corpus*.

This was an application to this court for a writ of *habeas corpus*, upon grounds which were thus stated by Mr. Justice COLE in his opinion herein as originally prepared:

" It appears from the petition and the papers annexed, that the petitioner was arrested in August, 1876, on a complaint and warrant charging him with the crime of embezzling $10,000 of the moneys of Washington county, on the first day of February, 1876, which moneys were then in his possession and entrusted to his care as treasurer of the county. The petitioner waived an examination before the magistrate, and, failing to give bail, was committed to the jail of the county. At the November term of the circuit court, 1876, an information was filed, containing three counts, in which the petitioner was charged with having embezzled $10,000, moneys of the county, which he held as county treasurer. The cause was continued from the November term to the regular term in March following, and, for want of the required recognizance,

the petitioner was remanded to the custody of the sheriff.   At the next term of the court, the district attorney entered a *nolle* as to the third count in the information, and the court refused to quash the first and second counts on the motion of the petitioner.   The petitioner was required to recognize in the sum of $2,000 for his appearance, etc., and, in default of bail, was again, by an order entered April 9th, remanded to the custody of the sheriff until bail was given.   It appears that the petitioner was, on the subsequent 11th day of April, taken from jail on a warrant, and compelled by the sheriff to go before another justice of the peace to answer a complaint procured by the district attorney, charging him with embezzlement.   An examination was waived on this charge, and the petitioner entered into a recognizance with sufficient sureties as required by the justice, and was discharged from further restraint in that matter.   The sheriff then seized the petitioner and conveyed him to jail, where he remains, not having given bail according to the order of the circuit court.   And the petitioner claims that his imprisonment is illegal, and, among other things, states that such illegality consists in this, that the first and second counts of the information do not charge him with any offense, and are void; and that the order of the circuit court requiring him to give bail, and committing him in default thereof, is illegal and void."

For the petitioner, a brief was filed by *Frisby, Weil & Barney*, and the cause was argued orally by *L. F. Frisby*.   They contended, 1. That as the protection of the liberty of its citizens is one of the chief functions and highest prerogatives of the state, not only is the *habeas corpus* a prerogative writ, but an application for such writ is a "prerogative cause," and within the original jurisdiction of this court in *every* case where a citizen of this state is unlawfully imprisoned within the state.   In reference to this point they cited and commented upon *Attorney Gen. v. Eau Claire*, 37 Wis., 400, 442–5; *Attorney Gen. v. R. W. Companies*, 35 id., 512, 513,

517, 518; *Attorney Gen. v. Blossom*, 1 id., 317–324, 327, 330; 3 id., 157, 175–6; *In re Stacy*, 10 Johns., 333; *In re Jackson*, 15 Mich., 423; *In re Strangler*, 11 id., 310; *People v. Martin*, 1 Park., 196; Bouv. Law Dic., "*Habeas Corpus;*" Hurd on H. C. (2d ed.), 144, 146.   2. That this court, on *habeas corpus*, could review the decision of the circuit court refusing to quash the information upon which the petitioner's imprisonment was founded, and could properly discharge him from such imprisonment, if it should find that the information did not charge him with any offense.   In such a case, counsel argued at length, the circuit court could not properly be said to have ever acquired jurisdiction of the petitioner's person.   A writ of *habeas corpus* is necessarily in the nature of a writ of error, operating as a review of the alleged illegalities in the proceedings brought up by it.   Hurd on H. C. (2d ed.), 330–32, 350, 351, 380; *Burnham v. Morrissey*, 14 Gray, 226, 238; *Ex parte Yerger*, 8 Wall., 85–94; 32 Pa. St., 520.   A court of appellate and supervisory jurisdiction may discharge a prisoner held on criminal process, where the commitment is voidable only. Hurd, 351, 352.   In hearings under our statute (Tay. Stats., 1792, §§ 1, 4, 27) upon petition for a writ of *habeas corpus*, it would seem to be the duty of the court to inquire into the cause of the imprisonment, and, if it is found to be unlawful for any reason, to discharge the prisoner.   *The People v. Martin*, 1 Park., 187, 191–7; 2 Kent, 28, 31; Hurd, 331–2. 3. That the second arrest of the petitioner, while in jail under the commitment of the circuit court, his being taken before the justice on a new complaint and warrant for the same cause, and being there admitted to bail for his appearance at the circuit court to answer the charge, rendered his continued imprisonment upon the first warrant unlawful.   Russell on Crimes, 421.   The acts of the district attorney may operate as a waiver, like the acts of other public officers.   1 Wis., 414; 22 id., 69; 13 Iowa, 443.

The *Attorney General*, *contra*, argued that this court ought

not to take jurisdiction to issue the writ in this case; that in respect to this writ, as in respect to *mandamus*, injunction, etc., to warrant this court in assuming jurisdiction, the interest of the state should be primary and proximate, and the question at issue should affect the state at large, and not merely private or local rights (*Attorney Gen. v. Railway Cos.*, 35 Wis., 425; *Attorney Gen. v. Eau Claire*, 37 id., 442; *State v. Wood*, 38 id., 71; *State v. Juneau Co.*, id., 554; *Haben v. Board of Education*, 22 id., 101, 110; Rule of Court of June term, 1865); and that such is the obvious meaning of that provision of statute (Tay. Stats., 1792, § 3) which confines the issuing of the writ to officers in the county where the person is imprisoned.  2. That as the circuit court had jurisdiction of the subject matter and of the defendant, the order of the court refusing to quash the information, which the petitioner was held to answer, could not be reviewed on *habeas corpus;* and that this writ cannot be made to perform the function of a writ of error.  *In re Blair*, 4 Wis., 522; *In re O'Connor*, 6 id., 288; *In re Perry*, 30 id., 268; *In re Crandall*, 34 id., 177; *People v. Cassels*, 5 Hill, 164; Hurd on H. C., 332.  When the court has jurisdiction, it shall determine every question without interference by any other tribunal (Hurd, 335 et seq.), and this includes jurisdiction to decide upon the sufficiency of the information.  *State v. Hauser*, 33 Wis., 678.  3. That the information was sufficient; and, if otherwise, it might be amended on the trial.  Tay. Stats., 1941, § 14.  4. That the subsequent production of the prisoner before a magistrate, and the proceedings thereupon, did not affect the right to hold him, though the officer might be liable (Hawk. P. C., b. 2, ch. 19, § 12, p. 194); that neither the district attorney nor the jailor could waive or prejudice the right of the state to hold and try the petitioner; and that, in any event, the prisoner should not be discharged, but should be remanded for such proceedings as might be proper.  Hurd, 46 et seq.; *State v. Bloom*, 17 Wis., 521; Tay. Stats., 1797, § 21.

COLE, J. This is an application for a writ of *habeas corpus.* We were in some doubt whether, upon the face of the petition and the papers annexed to and made a part thereof, a writ should be granted by this court; or, if granted, whether, upon the facts stated, the petitioner would not have to be remanded to his former custody. It was therefore deemed best to have an argument on certain points on the application. The attorney general and the counsel for the petitioner have argued questions suggested, which would necessarily have to be considered in determining whether the petitioner would be entitled to a discharge from imprisonment. If these questions should be decided against the petitioner, the writ would be unavailing, even if granted. And as we are now satisfied that upon the case presented the petitioner could not be discharged, the writ is denied on that ground alone, as was done in the cases, *In re Gregg*, 15 Wis., 479; *In re Griner*, 16 id., 423; and *Petition of McCormick*, 24 id., 492.

One question upon which argument was requested was, whether the practice of granting writs of *habeas corpus* in a proper case, as it has heretofore obtained, has been affected or should be changed in view of the recent decisions in regard to the original jurisdiction of this court over writs of injunction, *mandamus* and *quo warranto*, as defined and limited in *Attorney General v. Railway Companies*, 35 Wis., 425; *Attorney General v. The City of Eau Claire*, 37 id., 400; *State ex rel. Wood v. Baker*, 38 id., 71; and *State ex rel. Cash v. The Supervisors of Juneau Co.*, id., 534. This question of jurisdiction was quite fully argued; but, for the reason just suggested, it is not necessary to decide it on this application. It is dismissed with the remark that we entirely concur in the view of the petitioner's counsel on this point, that no rule should be adopted restricting the jurisdiction of this court over the writ of *habeas corpus*, which has ever been regarded as the best safeguard of personal liberty, except for the most weighty considerations. The plenary power of this court over

the writ has frequently been asserted and exercised under the constitution, and has hitherto not been questioned. But we pass from the jurisdictional question to other points arising on the application.

Another question arising in the case is, Can the petitioner be relieved by means of this writ, or must he resort to some other appropriate process to review and correct the proceedings of the circuit court? This leads to an inquiry as to the office of the writ, and what matters can be considered upon it. And at the outset it may be observed, that the principle is well settled, that a writ of *habeas corpus* does not have the scope, nor is it intended to perform the office, of a writ of error or appeal. This doctrine is almost elementary in the law. The writ, then, cannot be resorted to for the purpose of reviewing and correcting orders and judgments which are erroneous merely. It deals with more radical defects, which go to the jurisdiction of the court or officer, and which render the proceeding or judgment void. A distinction between a proceeding or judgment which is void, and one that is voidable only for error, is recognized in the cases, and must be observed. Says Dixon, C. J., in *Petition of Crandall*, 34 Wis., 177: " It is conceded that for mere error, no matter how flagrant, the remedy is not by writ of *habeas corpus*. For error, the party imprisoned must prosecute his writ of error or *certiorari*. Nothing will be investigated on *habeas corpus* except jurisdictional defects, or illegality, as some courts and authors term it; by which is meant the want of any legal authority for the detention or imprisonment." p. 179. To the same effect is the doctrine laid down in *In re Blair*, 4 Wis., 522; *In re O'Connor*, 6 id., 288; *In re Perry*, 30 id., 268. Now the inquiry is, in the light of these adjudications, Did the circuit court act without jurisdiction, or in excess of its jurisdiction, in the matter complained of; or did it make merely a wrong decision? There can be no doubt that the circuit court had jurisdiction of the person of the petitioner, and of

the offense charged in the information. But it is claimed that the first and second counts in the information charged no offense; in other words, that the information is insufficient, and that the motion to quash for that reason should be sustained. This may be at once conceded, but what follows? Manifestly this, that the circuit court gave a wrong decision where it clearly had jurisdiction, in holding a defective information good. The court committed an error, but there is no ground for saying it acted without jurisdiction in rendering its decision. If a demurrer had been filed to the information, and overruled by the court, precisely the same question would have been presented. It is a case of error; for which the petitioner can only have relief on writ of error or some other appropriate process of review. He cannot have relief on a writ of *habeas corpus*, without making such writ perform all the office of a writ of error. This seems very obvious. Nor does the fact that this court, under the constitution, has appellate jurisdiction over the circuit courts, in any way affect the question before us. For this court can only exert revisory or appellate jurisdiction on proper process, proceeding according to the rules of law. It cannot overlook and disregard the well established distinction between the scope and operation of a writ of error and a writ of *habeas corpus*, and make the latter a substitute for the former. And the distinction has been clearly recognized in the above decisions. In the case of *Hauser v. The State of Wisconsin*, 33 Wis., 678, a strictly analogous question was considered. That was a *certiorari* to review the decision of the municipal court of Milwaukee refusing to quash a criminal information for a libel against a corporation. It was claimed that a corporation could not be the object of a criminal libel, and that the municipal court erred in holding the contrary. But this court held that even if that position was well taken, the real question presented to the municipal court for decision was, whether the information did or did not charge the accused with the commission of a

criminal offense, and that this was in no sense a jurisdictional question. It refused to review the decision on the motion to quash, upon *certiorari*, and quashed the writ. The operation of the writ of *certiorari* is certainly as extensive as the writ of *habeas corpus;* still this court declined to examine on that writ the correctness of the ruling of the municipal court in refusing to quash. The reason and principle of that decision are directly applicable to the case at bar. So in *Ex parte Booth*, 3 Wis., 145, the petitioner applied to this court for a writ of *habeas corpus* to discharge him from imprisonment. It appeared that he was in confinement by force of a warrant of the district court of the United States, and that the object of the imprisonment was to compel him to answer an indictment for a violation of the fugitive slave law. That law had been held to be unconstitutional by this court in a previous case. WHITON, C. J., says: "These facts show that the district court of the United States has obtained jurisdiction of the case, and it is apparent that the indictment pending against the petitioner is for an offense of which the courts of the United States have exclusive jurisdiction. We do not see, therefore, how we can, consistently with the principles of our former decision, interfere." p. 148. The writ was denied. The petition before us shows that the applicant is committed on an order of the circuit court for want of bail. He is held by the process of a court of competent jurisdiction, which had authority to make the order. For these reasons, neither the sufficiency of that order nor the correctness of the decision on the motion to quash will now be inquired into.

But we think it would be very proper for the circuit judge, on application of the petitioner, to inquire whether any cause has arisen since the making of the order of the 9th of April, for putting an end to the commitment upon it, or for admitting the petitioner to bail on his own recognizance. It is stated in the petition that the offense charged in the complaint made subsequent to the order, is the same offense as that

attempted to be charged in the information.   Notwithstanding this statement, we do not feel justified in assuming that it is the same offense, in view of the second complaint and other papers annexed to the petition.   According to these papers, it would seem that the petitioner was proceeded against for another offense, or a different embezzlement from the one set out in the information.   The circuit judge can, however, readily determine whether this is so, and, if it is not, afford the proper relief in respect to bail.   The petitioner has given a sufficient recognizance on the second complaint, and this fact the circuit judge should and doubtless would deem a valid ground for admitting him to bail on his own recognizance if the charges are for the same embezzlement.   Excessive bail is forbidden by the constitution, and it is evident that double bail might be excessive.   It is true, there was no examination on the second arrest, but it will not be difficult to ascertain from the district attorney whether that prosecution is for the same embezzlement as the one charged in the information.   If it is, the circuit court can make the proper order in respect to bail.   It seems unnecessary to issue the writ from this court to inquire into the matter, since to do so would subject the state and the petitioner to the trouble and expense of an investigation here, which could be had much more conveniently before the circuit judge.   Besides, the writ was not asked for on any such ground or for any such purpose.   These suggestions are made for the guidance of all concerned.   But, upon the facts stated in the petition, the writ must be denied.

*By the Court.* — It is so ordered.