# WHEELING.

## EX PARTE MOONEY.

Submitted June 16, 1885.—Decided June 27, 1885.

1. Upon proceedings in *habeas corpus*, if the petitioner deems the return insufficient, he should not demur to it but move the court to discharge him. (p. 39 )

2. Jurisdiction in proceedings on *habeas corpus* in cases, where the detention is by commitment under legal process, is not strictly speaking a power of revision but a power to arrest a void order or judgment. It acts *directly* on the effect of the order or judgment but only *collaterally* on the order or judgment itself. It can not, therefore, be made a substitute for a writ of error or *certiorari*. (p. 39.)

3. When a party is imprisoned under a judgment or order of a court having jurisdiction to make such order, he can not be discharged on *habeas corpus*, however erroneous such judgment or order may be; but it is otherwise if the court had no jurisdiction to make the order or judgment. (p. 41.)

4. Where a court has jurisdiction of the subject-matter and of the person, and it pronounces a severable judgment or sentence, one part of which is authorized by law and another distinct part is not so authorized, the prisoner will not be discharged on *habeas corpus*, when it does not appear that he has undergone the full punishment imposed by the legal portion of the sentence. (p. 43.)

5. Under the provisions of section nine of chapter one hundred and eighteen of Acts of 1882 the court sentenced a party, found guilty of unlawfully wounding with intent to main, disfigure, disable and kill, to confinement in the penitentiary for one year and to pay a fine of one hundred dollars, HELD :

Such a party is not entitled to be discharged on *habeas corpus*.

The facts of the case are sufficiently stated in the opinion of the Court :

*J. O. Pendleton* and *W. W. Arnett* for plaintiff in error.

*Alfred Caldwell*, Attorney General, for the sheriff.

SNYDER, JUDGE :

Upon the petition of John Mooney, alleging that he was detained, confined and restrained of his liberty by W. C. Handlan, sheriff of Ohio county, in the jail of said county, without authority of law, a judge of the circuit court of said county on June 5, 1885, in vacation awarded a writ of *habeas corpus*, commanding said sheriff to produce before him the body of said Mooney, together with the cause of his being detained. The respondent on the same day produced before the judge the said Mooney, and in his return stated that he detained him by virtue of a judgment of the said circuit court, dated May 16, 1885, a copy of which is made part of his return. From this copy it appears, that the petitioner, Mooney, was tried by said court upon an indictment and by the verdict of a jury " found guilty of unlawfully wounding Frank McAdams, with intent to maim, disfigure, disable and kill him," and that upon said verdict the court pro-

nounced judgment, " that the prisoner, John Mooney, be conveyed to the penitentiary of the State and confined therein for the period of one year, and treated therein as prescribed by law, and that he pay a fine of $100.00," and the costs, &c.

The petitioner demurred to and moved to quash the return as insufficient. The judge overruled said demurrer and motion and remanded the petitioner; and he thereupon obtained this writ of error.

The statute under which said indictment was found and judgment pronounced is as follows :

" If any person maliciously shoot, stab, cut or wound any person, or by any means cause him bodily injury, with intent to maim, disfigure, disable or kill, he shall, except when it is otherwise provided, be punished by confinement in the penitentiary not less than two nor more than ten years. If such act be done unlawfully, but not maliciously, with the intent aforesaid, the offender shall, at the discretion of the court, either be confined in the penitentiary not less than one nor more than five years, or be confined in jail not exceeding twelve months, and fined not exceeding five hundred dollars."—Sec. 9, chap. 118, Acts 1882.

It is contended for the petitioner, that this statute did not authorize the court to sentence the petitioner to confinement in the penitentiary and also to pay a fine; but that the only construction of it is, that the court may sentence him to the penitentiary simply ; or it may sentence him to confinement in jail and to pay a fine; and that by no reasonable interpretation of it can the court unite a fine with confinement in the penitentiary. And it is, therefore, claimed, that inasmuch as the court has sentenced the petitioner to the penitentiary and also to pay a fine, it has exceeded its jurisdiction, and as a consequence the whole sentence or judgment is void, and the petitioner is entitled to be discharged on *habeas corpus*.

Whether or not this is the true interpretation of the statute, it is unnecessary, and, perhaps, improper, to decide in this proceeding; as it is not the only construction that can by any possibility be given to it, the proper mode of having it construed is by writ of error to said judgment and not by this collateral proceeding. But conceding for the purposes of this writ of error, that such is the true and only proper construc-

tion of the statue; and that the court committed a manifest
blunder in pronouncing the sentence it did, then the vital
question is presented: Is the petitioner illegally detained by
the sentence?

Before discussing this question, I deem it proper to consider
a matter of practice and to state some of the general principles
governing the courts in cases of *habeas corpus.*

The petitioner in this case demurred to the return and
moved to quash it as insufficient. In some cases this has
been allowed, but the better, and what now seems to be the
settled practice is for the petitioner, if he deems the return
insufficient to move to discharge the prisoner. On this mo-
tion the return is conceded to be true, and unless it shows
sufficient cause for the detention of the prisoner he will be
discharged. *Cunningham* v. *Thomas,* 25 Ind. 171; *Watson's
Case,* 26 Eng. C. L. 237.

The writ of *habeas corpus* is applicable to two distinct
classes of cases. First. Where the restraint or detention is
by private authority; and second, when the detention is by
commitment under legal process. The latter class is all that
need be considered in this case. In this class the jurisdiction
is, in a general sense, appellate in its nature; because the de-
cision that the individual shall be imprisoned must always
precede the application for a writ of *habeas corpus;* and the
writ must always be for the purpose of revising that decis-
ion, and therefore is appellate in its nature. *Ex Parte Boll-
man,* 4 Cranch 75.

Appellate jurisdiction in the sense it is here used does not
necessarily import a subordination of one court or officer to
another, although that is its more usual signification. It sig-
nifies the power to act judicially upon a question or right,
notwithstanding a supposed conclusion against it resulting
from an alleged judgment. It is not, strictly speaking, a
power of revision, which includes properly the power to af-
firm or reverse the judgment or order, and so establish or
destroy it; but a power to arrest the execution of a void
judgment or order. It acts directly on the effect of the
judgment, that is on the imprisonment; but only *collater-
ally* on the judgment itself. The jurisdiction, therefore, under
the writ of *habeas corpus* over the judgment or order relied on

to justify the imprisonment is only *collaterally* appellate. Hurd on *Habeas Corpus*, (330) 324.

It is the general rule that, where the return shows a detainer on legal process, the existence and validity of the process are the only facts upon which issue can be taken. 3 Hill, *appendix*, 658, note 30; *People* v. *Cassel*, 5 *Id*. 164.

If there is enough on the face of the process to protect the officer who executed it from an action of trespass or false imprisonment the prisoner will not be discharged under *habeas corpus*. *Bennac* v. *People*, 4 Barb. 31.

The jurisdiction over the process being only *collaterally* appellate, as we have seen, *habeas corpus* can not have the force and operation of a writ of error or *certiorari*, nor is it designed as a substitute for either. It does not, like them, deal with errors or irregularities which render the proceeding voidable only; but with those radical defects which render it absolutely void. A proceeding defective for *irregularity* and also one void for *illegality* may be reversed upon error or *certiorari*; but it is the latter defect only which gives authority to discharge on *habeas corpus*. *Ex Parte Van Hogan*, 25 Ohio St. 426; *In re Schenck*, 74 N. C. 607, 610; *Ex Parte Virginia*, 100 U. S. 339; *Petition of Semler*, 41 Wis. 517.

An *irregularity* is defined to be a want of adherence to some prescribed rule or mode of proceeding; and it consists, either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unreasonable time or improper manner. Tidd's Pr. 434. It is the technical term for every defect in practical proceedings or the mode of conducting an action or defence, as distinguishable from defects in pleadings. 3 Chitty's Gen. Pr. 509.

*Illegality* is, properly, predicable of radical defects only, and signifies that which is contrary to the principles of law, as distinguishable from mere rules of procedure. It denotes a complete defect in the proceedings. Tidd's Pr. 435; *Ex parte Kellogg*, 6 Vt. 509.

It would be *irregular* to sentence a person to imprisonment in his absence, where the absence was occasioned by the order of the court pronouncing the sentence. It would be *illegal* to sentence him to imprisonment for a crime which was pun-

ishable by pecuniary fine only. *Ex parte Gibson*, 31 Cal. 619; *Petition of Crandall*, 34 Wis. 177.

Wise rules of procedure established for the regulation of other judicial proceedings are not to be discarded in that of *habeas corpus* when they are applicable. One of these rules is, that when a record or process is only *collaterally* brought into question, it can not be invalidated for error or irregularity. Hurd on *Habeas Corpus* (2d. Ed.) 328 and cases cited. Therefore, where a party is imprisoned under a judgment or order of a court having authority to make the order, he can not be discharged on *habeas corpus*, however erroneous such judgment may be; but it is otherwise if the court had no authority to make the order or jurisdiction to pronounce the judgment *In Re Blair*, 4 Wis. 522; *People v. Cassells*, 5 Hill 164; *State v. Toule*, 41 N. H. 540; *Williamson's Case*, 26 Pa. St. 9; *Matter of Eaton*, 27 Mich. 1.

It is a rule essential to the efficient administration of justice, that where a court is vested with jurisdiction over the subject matter upon which it assumes to act, and regularly obtains jurisdiction of the person of the defendant, it becomes its right and duty to determine every question, which may rise in the cause, without interference from any other tribunal except an appellate tribunal, where its judgment may be revised by writ of error or *certiorari*; but this supervisory jurisdiction can not be exercised upon the collateral proceeding by *habeas corpus*. *Merrill v. Lake*, 16 Ohio 374, 405; Bac. Abr., *Certiorari*, A.; *Thompson v. Hill*, 3 Yerg. 167; *Smith v. McIver*, 9 Wheat. 532.

Errors which render the judgment merely voidable and do not make it absolutely void, can not be enquired into under a writ of *habeas corpus*. *In Re Prime*, 1 Barb. 340; *State v. Shattuck*, 45 N. H. 211; *Riley's Case*, 2 Pick. 171; *Ex Parte Watkins*, 3 Pet. 201.

If the judgment is in excess of that which the court rendering it had by law the power to pronounce, such judgment is void for the excess only. *Brook's Case*, 4 Leigh 669; *Murray's Case*, 5 Id. 720, 724; *Hall's Case*, 6 Id. 615, 618; *People v. Lipscomb*, 60 N. Y. 560; *Feeley's Case*, 12 Cush. 598; *Ex Parte Shaw*, 7 Ohio St. 81; *People v. Markham*, 7 Cal. 208; *People v. Baker*, 89 N. Y. 467.

Proceeding now, in the light of these rules and principles of law to determine the direct question : Is the prisoner *illegally* detained by the respondent under the sentence of the court set forth in the return in this case?

It is not questioned that the circuit court of Ohio county had jurisdiction of the subject-matter, and that it had also regularly acquired jurisdiction over the petitioner to render judgment against him. It is insisted, however, that as the court had no legal right under the statute to sentence the petitioner both to confinement in the penitentiary and to pay a fine, it exceeded its jurisdiction, and thereby the whole proceeding became illegal and void. In support of this view the cases of *Ex Parte Page*, 49 Mo. 291 ; *Rex* v. *Ellis*, 5 Barn. & Cress. 395 ; and *Rex* v. *Bonne*, 7 Ad. & Ellis 58, are relied on by counsel for petitioner. The two latter cases were decided upon writs of error by the court of king's bench, and by reason of the peculiar constitution of that court, the determination of such cases by it have no analogy to the proceeding by *habeas corpus* in our courts. I do not, therefore, regard those cases as authority in this case. The other case from Missouri, was in some respects different from the one before us. In that case the extreme limit which the court could inflict as a punishment for grand larceny was fixed by statute at seven years confinement in the penitentiary ; but the court sentenced the petitioner to such confinement for that crime for ten years. The court on *habeas corpus* held, that the trial court by that sentence had exceeded its jurisdiction, and therefore, under the provisions of the statute of that State, the petitioner was discharged. The statute referred to declared, that when a prisoner is brought up on *habeas corpus*, it it appear that he is in custody by virtue of process from any court or judicial officer, he can be discharged only in one of the following cases : " First, where the jurisdiction of such court or officer has been exceeded, either as to matter, place, sum or person. * * * * Sixth, where the process is not authorized by any judgment, order or decree, nor by any provision of law." Wagn. Stat. 690, sec. 35.

The judge, who delivered the opinion of the court, after quoting said statute, says : " It seems to me that the court in passing the sentence exceeded its jurisdiction in the matter,

and that it did not act by authority of any provision of law. This application, therefore, I think comes within the meaning of the statute." 49 Mo. 292.

It seems clear from the opinion that the court decided that case under the influence of the statute; and, consequently, it can be no precedent, and can have no application in á State like ours, where no such statute exists.

But, if that case could be regarded as decided upon principle, it must be disapproved, since it is not only contrary to the general rules hereinbefore stated, but it is in positive conflict with numerous other and seemingly better considered decisions of courts of other States. *In Re Petty,* 22 Kan. 277; *Ex Parte Parks,* 93 U. S. 18; *People* v. *Jacobs,* 66 N. Y. 9; *People* v. *Liscomb,* 60 *Id.* 559; *People* v. *Baker,* 89 *Id.* 460.

In the case before us, the sentence is severable, which it was not in the Missouri case; and it is unquestionable that the court had authority to inflict either of the punishments it did upon the petitioner; that is, it could have sentenced him to confinement in the penitentiary for one year, or it could have sentenced him to confinement in jail and to pay a fine. It is well settled as shown in the preceding part of this opinion that when the judgment or sentence is in excess of that which the court by law had authority to pronounce, it is void as to the excess only. *A fortiori* would a severable sentence be void only as to the excess. As to that part, which the court had the power to pronounce, the sentence is necessarily valid in a proceeding upon *habeas corpus,* because in such proceeding the court has no power to modify or correct the sentence. As the proceeding is collateral to the judgment, the court in this proceeding can only discharge or remand the petitioner. If the judgment is void it will discharge him, but if it is not void, though it may be erroneous and voidable, this Court must remand him and nothing more. We can only render such judgment here as the court below should have given *in this case* and we can not interfere with the judgment in the collateral case in which the judgment was pronounced—that can be done only upon writ of error to that judgment. Sec. 26, chap. 157, Acts 1882, p. 512.

*In the matter of Sweetman,* 1 Cowen 144, 149, "When a special session found S. guilty of petit larceny, and sentenced

him to imprisonment for thirty days, and imposed a fine of $15.00 ; also adjudged that unless the fine should be paid, he should be imprisoned for the term of four months; *held*, that the sentence was good for the thirty days, but void for the four months." And the court refused to discharge S. on *habeas corpus*, but remanded him to prison.

In *Ex Parte Van Hagan*, 25 Ohio St. 426, the petitioner had been sentenced to imprisonment for six months, when under the statute in force, the sentence could not exceed thirty days, on *habeas corpus* the court held : " The punishment inflicted by the sentence in excess of that prescribed by the law in force, was erroneous and voidable, but not absolutely void. It follows," says the court, " that a writ of error to reverse the proceedings or sentence is the remedy that the relator should have resorted to in order to obtain a discharge from illegal imprisonment, and not *habeas corpus* which is not the proper mode of redress, where the relator was convicted of a criminal offence and erroneously sentenced to excessive imprisonment therefor by a court of competent jurisdiction." 25 Ohio St. 432.

Numerous other cases, some of which have been hereinbefore cited, might be referred to in support of the doctrine thus announced; but without repeating them, it is deemed sufficient to state, that after careful research, I have been unable to find any case, where there has been a discharge on *habeas corpus* from a sentence, severable in itself and good as to part but void as to a separate and distinct part, pronounced by a court having competent jurisdiction to render the valid portion of the sentence, unless at the time the discharge was asked the petitioner had undergone the full punishment imposed by the valid portion of the sentence.

For the reasons stated I am of opinion, that the order remanding the petitioner be affirmed.

Affirmed.