In re Graham.    In re McDonald.

## IN RE GRAHAM.
## IN RE McDONALD.

*September 10 — September 24, 1889.*

Habeas corpus: *Jurisdiction: Excessive sentence.*

1. On *habeas corpus* only jurisdictional defects are inquired into.
2. A judgment sentencing a person to imprisonment for a longer term than the statute warrants is merely erroneous, and not void for want of jurisdiction.

APPLICATIONS for writs of *Habeas Corpus.*
The facts are stated in the opinion.
For the petitioners there was a brief by *Cole & O'Keefe,* and oral argument by *Rublee A. Cole.*

COLE, C. J.   The petitioners were charged on an information, in substance, of wilfully and feloniously making an assault upon one Robert McDonald, and putting him in bodily fear and danger of life, and feloniously robbing him of $200 in money,— such petitioners being each armed with a dangerous weapon, namely, a loaded revolver, him, the said Robert McDonald, did wound and strike and rob, etc. The petitioners were convicted of the offense as charged, and *Graham* was sentenced to imprisonment in the state prison for the period of thirteen years, and *McDonald* for the period of fourteen years.   The information was doubtless based upon sec. 4375, R. S., which seems to apply to the offense of which they were charged.   The judgments were doubtless intended to be under that section.   The section provides that the guilty party "shall be punished by imprisonment in the state prison, not more than *ten years,* nor less than three years."   The sentence is in excess of the period fixed by statute, and writs of *habeas corpus* are applied for upon that ground.

We deny the writs for the reason that the error in the judgments does not render them void, or the imprisonment under them illegal, in that sense which entitles them to be discharged on a writ of *habeas corpus.*   The judgments are doubtless erroneous, and would be reversed on writ of error.   *Fitzgerald v. State,* 4 Wis. 395; *Haney v. State,* 5 Wis. 529; *Benedict v. State,* 12 Wis. 314; *Peglow v. State,* 12 Wis. 534.   But the judgments are not void.   *State ex rel. Welch v. Sloan,* 65 Wis. 647.   The court had jurisdiction of the persons and subject matter or offense, but made a mistake in the judgment.   For mere error, no matter how flagrant, the remedy is not by *habeas corpus.*   The law is well settled in this court that on *habeas corpus* only jurisdictional defects are inquired into.   The writ does not raise questions of errors in law or irregularities in the proceedings.   *In re Crandall,* 34 Wis. 177; *In re Pierce,* 44 Wis.

444. On the petitions presented the writs would be un-availing if granted. They are therefore denied. *In re Semler*, 41 Wis. 517; *Wright v. Wright, ante,* p. 439.

*By the Court.*— Writs denied.