EX PARTE TEXIDOR.

APPEAL from the District Court of San Juan.

No. 24.—Decided June 1, 1905.

HABEAS CORPUS—IMPRISONMENT GREATER THAN AUTHORIZED BY LAW—VOID AS
TO EXCESS.—A judgment in excess of that allowed by law is valid as to the
period authorized by law and void as to the excess, but a petitioner will not
be discharged on *habeas corpus* on such ground until he shall have served
the term of imprisonment authorized by law.

The facts are stated in the opinion.

The appellant did not appear.

*Mr. Rossy, Fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The applicant was tried and condemned in the Municipal
Court of Bayamón on the 18th of April, 1905, for a violation
of section 368 of the Penal Code, and was sentenced to four
months' imprisonment and $200 fine, redeemable with one
month of imprisonment. The municipal court clearly imposed
a greater imprisonment than was allowed by law, making the
term four months instead of ninety days, as prescribed by
section 368 of the Penal Code. The question then arises, does
this fact entirely invalidate the sentence of the court, or is
the same only voidable for excess over the term allowed by
the statute?

The district judge, Hon. Emilio del Toro, in refusing to
liberate the petitioner on *habeas corpus,* in the judgment from
which this appeal is taken, gives sufficient reasons for his,
action, and the judgment of this court might very properly
be left to stand on that opinion as a basis; but inasmuch as
the question is of great importance, and the decisions of the
courts in the United States not being altogether harmonious,
it is deemed best to examine it somewhat more at length.

This court has formerly decided, in three *habeas corpus*
cases, that it would not interfere with the imprisonment of a

convict who was serving out a portion of his sentence which was justified by the law, but would defer any inquiry as to the legality of his imprisonment until the excess complained of should begin. Reference is had to the cases of Francisco Rodríguez *ex parte,* No. 10, decided on the 2d of June, 1903; to the case of José Avila Alicea *ex parte,* No. 15, decided on the 4th of August, 1903; and to the case of Luis Rivera Iglesias *ex parte,* No. 24, decided on the 21st of October, 1903.

In his excellent work on *habeas corpus,* Mr. Church in treating of excessive sentences, says:

"The prevailing rule is that an excessive sentence is merely erroneous and voidable; that the whole sentence is not illegal and void because of the excess; that it is not void *ab initio;* and that it is good on *habeas corpus* so far as the power of the court extends, and invalid only as to the excess."

Making reference to the following authorities:

"*People ex rel. Woolf* v. *Jacobs,* 66 N. Y., 8; note to *Morrill* v. *Morrill,* 23 Am. St. Rep., 110; *People ex rel. Tweed* v. *Liscomb,* 60 N. Y., 559, 19 Am. Rep., 211, reversing same case, 3 Hun., 760; 6 Thomp. & C., 258; *Ex parte Bulger,* 60 Cal., 438; *Ex parte Mooney,* 26 W. Va., 36, 53 Am. Rep., 59; *In re Grandall,* 34 Wis., 177; *In re Graham,* 138 U. S., 461, affirming same case; 76 Wis., 366, which affirmed said case; 74 Wis., 450; *In re McDonald,* 76 Wis., 366, affirming former ruling in same case; 74 Wis., 450; *Ex parte Bowen,* 25 Fla., 214; *Ex parte Greenshaw,* 80 Mo., 447; *Ex parte Henshaw,* 73 Cal., 486; compare *Ex parte Greenshaw,* 80 Mo., 447."

(Church on *Habeas Corpus,* sec. 373, p. 529.)

The whole subject of *habeas corpus* is liberally treated in a note to the case of *Morrill* v. *Morrill,* 23 American State Reports, p. 110, in which the commentator says:

"Hence if it appears that the court directed the defendant to do some act which it had no power to require of him, and then imprisoned him for contempt in not doing as directed, or after his conviction of some crime, sentenced him to suffer a punishment which it had no

power to impose, the sentence, in so far as it is in excess of the juris-
diction of the court, is void, and will not justify the detention of the
prisoner."

Referring to:

"*Ex parte Bond,* 9 S. C., 80; 30 Am. Rep., 20; *Ex parte Crandall,*
34 Wis., 177; *People* v. *Baker,* 89 N. Y., 460; *Ex parte Mooney,* 26
W. Va., 36; 53 Am. Rep., 59; *Rex* v. *Collyer,* Sayers, 44; *Ex parte
Page,* 49 Mo., 291; *Ex parte Lange,* 18 Wall., 163; *People* v. *Liscomb,*
60 N. Y., 559, 19 Am. Rep., 211."

The case of *People* v. *Liscomb,* reported in 19 American
Reports, 211, is especially interesting in being that in which
William M. Tweed was released from imprisonment after
serving one year instead of twelve, to which he was sen-
tenced.

The decisions rendered on this subject in the United States
courts are grouped and commented on in an elaborate note
to the *Case of Taylor,* reported in 45 L. R. A., on page 138.
Reference may be made to those authorities. There is a case
especially in point, decided by the Supreme Court of West
Virginia in June, 1885, in which that court says:

"If the judgment is in excess of that which the court rendering
it had by law the power to pronounce, such judgment is void for the
excess only. *Brook's case,* 4 Leigh, 669; *Murray's case,* 5 Leigh, 720,
724; *Hall's case,* 6 Leigh, 615, 618; *People* v. *Liscomb,* 60 N. Y., 560;
S. C. 19 Am. Rep., 211; *Feeley's case,* 12 Cush., 598; *Ex parte Shaw,*
7 Ohio St., 81; *People* v. *Markham,* 7 Cal., 208; *People* v. *Baker,* 89
N. Y., 467."

(*Mooney ex parte,* 53 Am. Rep., p. 63.)

But we are not left without a guide on this important sub-
ject in the decisions of the Supreme Court of the United
States. Reference will be made to three of them. In a well-
considered case decided on the 18th of December, 1893, Mr.
Chief Justice Fuller says:

"As the prisoner has neither restored the goods nor suffered the imprisonment for three months, even if it was not within the power of the court to require payment of costs and its judgment to that extent exceeded its authority, yet he cannot be discharged on *habeas corpus* until he has performed so much of the judgment or served out so .much of the sentence as it was within the power of the court to impose. *Ex parte Lange,* 18 Wall., 163; *Ex parte Parks,* 93 U. S., 18."

(In *re Swan,* 150 U. S., 653.)

Again in a later case decided on the 15th of January, 1894, Mr. Justice Field, delivering the opinion of the court, says:

"A question of some difficulty arises, which has been disposed of in different ways, and that is as to the validity of the judgment which exceeds in its extent the duration of time prescribed by law. With many courts and judges—perhaps with the majority—such judgment is considered valid to the extent to which the law allowed it to be entered, and only void for the excess. Following out this argument, it is further claimed that, therefore, the writ of *habeas corpus* cannot be invoked for the relief of a party until the time has expired to which the judgment should have been limited. But that question is only of speculative interest here, for there is here no question of excess of punishment."

(In *re Bonner,* 151 U. S., 258, 259.)

But whatever doubts Mr. Justice Field may have had, even after the opinion previously rendered by the Chief Justice, these were set at rest in a case decided on the 16th of April, 1894, in which Mr. Justice Jackson delivered the opinion of the court. He says:

"Without undertaking to review the authorities in this and other courts, we think the principle is established that where a court has jurisdiction of the person and of the offense, the imposition of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but only leaves such portion of the sentence as may be in excess open to question and attack. In other words, the sound rule is that a sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and offense, and only void as to the excess when such excess

is separable, and may be dealt with without disturbing the valid portion of the sentence.''

(*United States* v. *Pridgeon,* 153 U. S., 62.)

And again, affirming what was said in the Swan case, in the following language:

"Thus in *re Swan,* 150 U. S., 637, 653, it is stated that, 'even if it was not within the power of the court to require payment of costs, and its judgment to that extent exceeded its authority, yet he cannot be discharged on *habeas corpus* until he has performed so much of the judgment, or served out so much of the sentence as it was within the power of the court to impose.' ''

The list of authorities might be greatly lengthened by reference to numerous cases which have come up from time to time in the various courts of the several States, but as the prevailing rule spoken of by Church is so well established by those cases referred to it is unnecessary to enlarge the number.

For the reasons herein given, as well as for those given by the district judge in his opinion, the judgment of the district court refusing to liberate the prisoner must be affirmed.

Chief Justice Quiñones and Justices Hernández. Figueras and Wolf concurred.