# EX PARTE TEXIDOR.

Apelación procedente de la Corte de Distrito de

San Juan.

No. 24.   Resuelto en Junio 1, 1905.

HABEAS CORPUS.—TÉRMINO DE PRISIÓN MAYOR QUE EL AUTORIZADO POR LA LEY.—
    Una sentencia condenando al acusado á prisión por un término mayor que el
    autorizado por la ley, es válida en cuanto á la pena que autorice la ley, y nula
    por lo que respecta al exceso, y el Tribunal no investigará, en un procedimien-
    to de habeas corpus, la legalidad de la prisión, mientras el peticionario esté
    cumpliendo la pena que deba legalmente sufrir.

Los hechos están expresados en la opinión.

Abogado del apelado: Sr. *Rossy*, Fiscal.

La parte apelante no compareció.

El Juez Asociado Sr. MacLeary, emitió la opinión del Tribunal.

El peticionario fué procesado y condenado en la Corte Municipal de Bayamón el 18 de Abril de 1905 por infracción del artículo 368 del Código Penal, y fué sentenciado á cuatro meses de prisión y doscientos dollars de multa, que podía pagarse con un mes de prisión. Es claro que el Juez Municipal impuso una pena mayor que la que determina la Ley, haciendo el término de la pena cuatro meses en vez de noventa días según determina el artículo 368 del Código Penal. La cuestión pués que se presenta es si este hecho anula completamente la sentencia de la Corte, ó si dicha sentencia es solamente anulable por exceder el término de prisión permitido por la ley.

El Juez de Distrito, Hon. Emilio del Toro, al negar la excarcelación del peticionario bajo habeas corpus, en la sentencia contra la cual se ha interpuesto esta apelación, consigna suficientes razones por su proceder, y dicha opinión podría muy bien servir de base á la sentencia de esta Corte; pero en vista de que la cuestión es de gran importancia, y no siendo completamente armoniosas las sentencias de las Cortes de los Estados Unidos se estima mejor examinarla algo más extensamente.

Esta Corte ha resuelto anteriormente, en tres casos de habeas corpus, que no intervendría en la prisión de un convicto que estuviere cumpliendo una porción de su condena, justificada que fuere por la ley, pero que deferiría toda investigación con respecto á la legalidad de su prisión hasta empezar el exceso de que se quejara. Se hace referencia á los casos de Prisco Rodríguez ex parte, No. 10, resuelto el 2 de Junio de 1903, el de José Avila Alicea ex parte, No. 15, resuelta el 4 de Agosto

de 1903, y el caso de Luis Rivera Iglesias ex parte No. 24, resuelto el 21 de Octubre de 1903.

En su magnífica obra sobre. habeas corpus, el Sr. Church, al hablar de sentencias excesivas, dice:

"La regla que prevalece generalmente es que una sentencia excesiva es meramente errónea y anulable; que toda la sentencia no es ilegal y nula á causa del exceso; que no es nula *ab initio;* y que es buena en habeas corpus hasta donde alcanza el poder de la Corte é inválida solamente en cuanto al exceso." Haciendo referencias á las siguientes autoridades:

People ex rel Woolf v. Jacobs, 66 N. Y. 8; nota á Morrill v. Morrill, 23 Am. St. Rep. 110.

People ex rel. Tweed v. Liscomb, 60 N. Y. 559.

19 Am. Rep. 211, revocando la misma causa, 3 Hun. 760.

6 Thomp. & Co., 258.

Ex parte Bulger, 60 Cal. 438.

Ex parte Mooney, 26 W. Va. 36; 53 Am. Rep. 59.

In re Grandall, 34 Wis. 177.

In re Graham, 138 U. S. 461, confirmando la misma causa, 76 Wis. 366, que confirmaba la misma causa, 74 Wis. 450.

In re McDonald, 76 Wis. 366, confirmando una resolución anterior en la misma causa, 74 Wis. 450.

Ex parte Bowen, 25 Fla. 214.

Ex parte Crehshaw, 80 Mo. 447.

Ex parte Henshaw, 73 Cal. 486, comparase.

Ex parte Crenshaw, 80 Mo. 447.

Church on Habeas Corpus Sec. 373 p. 529.

Todo el asunto de habeas corpus se trata liberalmente en una nota en la causa de Morrill v. Morrill, 23 American State Reports, p. 110 en la cual el tratadista dice:

"Así es que aparece que la Corte mandó al procesado que realizara algún acto que no estaba facultada á exigirle, encarcelándole luego por desacato, por no cumplir con su mandato, ó si después de convicto de un delito, lo condenase á sufrir una pena que no tenía facultad para imponer la sentencia, en lo que excede la jurisdicción de la Corte es nula, y no justificará la detención del preso."

Refiriéndose á:

Ex parte Bond, 9 S. C. 80; 30 Am. Rep. 20.

Ex parte Grandall, 34 Wis. 177.
People v. Baker, 89 N. Y. 460.
Ex parte Mooney, 26 W. Va. 36; 53 Am. Rep. 59.
Rex v. Collyer, Sayers, 44.
Ex parte Page, 49 Mo. 291.
Ex parte Lange, 18 Wall. 163.
People v. Liscomb, 60 N. Y. 559; 19 Am. Rep. 211.

La causa del Pueblo contra Liscomb relata en 19 American Reports 211 es de especial interés, por ser la causa en que William M. Tweed fué excarcelado después de cumplir una pena de un año en vez de los doce á que fué condenado.

Las resoluciones dictadas sobre este particular en las Cortes de los Estados Unidos están coleccionadas y comentadas en una nota elaborada á la causa de Taylor, relatada en 45 L. R. A. en la página 138. Se puede hacer referencia á dichas autoridades. Hay un caso especialmente á propósito, decidido por el Tribunal Supremo de West Virginia en Junio de 1885, en el cual aquella Corte dice:

"Si la sentencia es excesiva á la que la Corte que la dictó estaba autorizada por la Ley para pronunciar, dicha sentencia es nula solamente en cuanto al exceso."

Brook's case, 4 Leigh, 669.
Murray's case, 5 Leigh, 720 724.
Hall's case, 6 Leigh, 615, 618.
People v. Liscomb, 60 N. Y. 56 O; S. C. 19 Am. Rep 211.
Feeley's case, 12 Cush. 598.
Ex parte Shaw, 7 Ohio St. 81.
People v. Markham, 7 Cal. 208.
People v. Baker, 89 N. Y. 467.
Mooney ex parte, 53 Am. Rep. p. 63.

Pero no estamos sin guía en este importante particular en las resoluciones del Tribunal Supremo de los Estados Unidos. Se hará referencia á tres de ellas. En una causa muy bien considerada, decidida en el 18 de Diciembre de 1893, el Juez Presidente Sr. Fuller, dice:

"Puesto que el preso no ha devuelto los efectos, ni ha sufrido los tres meses de prisión, aunque la Corte no estaba facultada para exigirle el pago de las costas, y habiendo dicha sentencia excedido su autoridad en ese extremo, no obstante él no puede ser excarcelado bajo habeas corpus hasta que haya cumplido la porción de la pena que estaba la Corte facultada para imponer."

(Ex parte Lange, 18 Wall. 163.

Ex parte Parks, 93 U. S. 18.)

In re Swan, 150 U. S. 653.

Y otra vez en una causa posterior, decidida el día 15 de Enero de 1894, el Juez Sr. Field al pronunciar el dictámen de la Corte, dice:

"Se presenta una cuestión de alguna dificultad, la que ha sido resuelta de distintas maneras, cuya cuestión es en cuanto á la validez de la sentencia el período de la pena fijada por la cual excede el tiempo prescrito por la Ley. Por muchas Cortes y jueces —quizás la mayoría de ellos—una sentencia de esta naturaleza se considera válida hasta el punto que permitía la ley que se dictara, y nula solamente en cuanto al exceso. Siguiendo esta argumentación se alega además que por lo tanto la parte no puede valerse del auto de habeas corpus hasta terminarse el tiempo á que se debió limitar la sentencia. Pero aquí esa cuestión es solamente de interés relativo, puesto que aquí no hay cuestión de exceso de pena."

In re Bonner, 151 U. S. 258, 259.

Pero cualesquiera que fueren las dudas que tuvo el Juez Sr. Field, aun después del dictámen anteriormente pronunciado por el Juez Presidente, estas quedaron resueltas en la causa decidida en 16 de Abril de 1894, en cuya causa el Juez Sr. Jackson pronunció el dictámen de la Corte. El dice:

"Sin entrar en una revisión de las autoridades en esta y en otras cortes, creemos que el principio está establecido que cuando una corte tiene jurisdicción sobre la persona y sobre el delito, la imposición de una pena en exceso de la que permite la ley, no hace nula la parte legal ó autorizada de la sentencia, pero solamente expone aquella parte de la sentencia que fuere excesiva á

ser puesta en duda, é impugnada. En otras palabras la regla segura es que una sentencia es legal hasta donde esté dentro de las disposiciones de la ley y la jurisdicción de la Corte sobre la persona y el delito, y nula solamente en cuanto al exceso, cuando dicho exceso es separable y puede tratarse sin alterar la parte válida de la sentencia."

United States v. Pridgeon 163 U. S. 62.

Y confirmando otra vez lo que se dijo en la causa de Swan en el siguiente lenguaje:

"Así en In re Swan, 150 U. S. 637, 653, queda dicho que aún si la Corte no tuvo facultad para exigir el pago de las costas, y su sentencia hasta ese punto excedió su autoridad, no obstante, (el preso) no puede ser excarcelado bajo *habeas corpus* hasta que haya cumplido aquella parte de la sentencia ó sufrido aquella pena, que la Corte tuvo facultad para dictar ó imponer.'

Esta relación de autoridades podría extenderse mediante una referencia á muchos casos que se han presentado de vez en cuando en las varias cortes de los diferentes Estados, pero en vista de que la regla prevalece, de la cual habló Church, está tan bien establecida por las referidas causas, no es necesario extender el número.

Por las razones expuestas en la presente, así como por las que consignó el Juez de Distrito en su dictámen, debe confirmarse la sentencia de la Corte de Distrito que rehusa excarcelar al preso.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández, Figueras y Wolf.