## VITSKY, In Re, HABEAS CORPUS

Ohio Appeals, 9th Dist, Wayne Co

No 1041.   Decided Dec 1, 1937

Lloyd R. Read, Akron, for petitioner.
Raymond Morgan, Pros. Atty., Wooster, contra.

## OPINION

PER CURIAM

An affidavit against Joe Vitsky was filed before an examining magistrate, and said Joe Vitsky was bound over to the grand jury. The matter is before this court upon a writ of habeas corpus filed in his behalf: the claim being that the proceedings before such examining magistrate are absolutely void, for the reason that it is apparent from the face of the affidavit that no crime known to the law is charged against Joe Vitsky, and that therefore the magistrate had no jurisdiction to inquire into the complaint.

The application for a writ of habeas corpus contains a copy of the affidavit filed before said magistrate, and the return of the sheriff upon the writ of habeas corpus heretofore issued sets forth the mittimus issued to said sheriff by said examining magistrate; and in the mittimus the examining magistrate certified that Joe Vitsky was "arrested on the oath of William Tisher for obtaining property under false pretenses," that Joe Vitsky was examined by the magistrate on such complaint and was by said magistrate bound over to the grand jury, and that, upon Vitsky's failure to give bond as required by the examining magistrate, the sheriff was commanded "to receive the said Joseph Vitsky into your custody in the jail of the county aforesaid, there to remain until discharged by due course of law."

It is urged that, as the affidavit did not set forth any offense under the laws of Ohio, the magistrate was without jurisdiction and could make no lawful order in the proceedings before him.

The statutes of Ohio confer jurisdiction upon a magistrate, when an accused is brought before him and there is no plea of guilty, to inquire into the complaint, and, if it appear that an offense has been committed and there is probable cause to believe the accused guilty, to order the accused to enter into a recognizance, with good and sufficient surety, for his appearance at a proper time and before the proper court.

The power to hear and determine a cause is jurisdiction; and when a statute gives to a magistrate capacity to entertain a complaint preferred against a person, and such person is brought before such magistrate, the magistrate's jurisdiction attaches. The decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred; and errors in the exercise of such jurisdiction may be reviewed and corrected, but errors in the exercise of jurisdiction cannot be inquired into in a habeas corpus proceeding.

Sec 12165, GC, provides that "If it appears that the person alleged to be restrained of his liberty is in custody of an officer under process issued by a court or magistrate * * * and that the court

or magistrate had jurisdiction to issue the process, * * * the writ shall not be allowed."

It is a debatable question as to whether the affidavit in this case charged the accused with obtaining property under false pretenses, but in determining that question as the examining magistrate certified in his mittimus he did determine it, he was exercising his jurisdiction conferred upon him by law to entertain the complaint thus made against the accused, who was before the magistrate to answer said complaint.

It thus appears that the person alleged to be restrained of his liberty is in custody of an officer under a process issued by a magistrate having jurisdiction to issue the process, and therefore, in obedience to the statute, the writ is defined, and Joseph Vitsky is remanded to the custody of said sheriff.

**Hatch v St. Clair, Sheriff, 2 C. C. 163, 1 C.D 421.**

Horner v U. S., 143 U. S. 570.

Semler's Petition, 41 Wis. 517.

In case No. 1042, in the matter of the petition for a writ of habeas corpus for Ralph Robinson, a like entry may be made.

STEVENS, PJ, WASHBURN and DOYLE, JJ, concur in judgment.