HECKMAN, Appellant, vs. SWARTZ, Respondent.

*September 7 — September 22, 1885.*

*(1, 2) Criminal law and practice: Clerical mistake in warrant: In-
sufficient complaint: Fornication: Legality of arrest. (3–5) Du-
ress: Criminal prosecution to force settlement: Recovery of money
paid: Voluntary payment.*

1. A warrant for arrest issued in March, 1878, and stating that the
offense was committed on May 20, 1878, instead of on May 20, 1877,
as charged in the complaint, is not invalid. The mistake could not
mislead, and the warrant might be amended.

2. A criminal complaint attempted to charge the offense of fornication,
but failed to state that the woman was unmarried. The validity
of the warrant issued thereon being called in question in an ac-
tion to recover money alleged to have been paid under duress of
imprisonment, *held*, that the omission of such statement did not
invalidate the warrant or render the arrest illegal.

3. Although an arrest may be for a just cause and under valid process,
yet if it be for an illegal purpose, and the person arrested pays
money for his release, he may recover it back as having been paid
under duress of imprisonment.

4. But if such money was paid by the plaintiff voluntarily and after
the duress and the influence thereof had ceased, it cannot be recov-
ered.

5. Under duress of imprisonment on a charge of fornication with
defendant's daughter, made by the defendant for the purpose of
forcing a settlement, the plaintiff agreed to pay money to the de-
fendant. In pursuance of such agreement he executed his notes
and a mortgage to M., and M. executed his notes to the defendant,
the latter on his part executing a release to the plaintiff. The
mortgage was to be signed by plaintiff's wife and the release by
defendant's daughter; and the instruments were deposited with C.
to be delivered by him to the persons respectively entitled thereto
after such signatures should be obtained. They were afterwards so
delivered, the defendant accepting the notes of M. as payment of
the sum agreed to be paid by the plaintiff. After delivery of the
instruments to C., but before delivery by him to the respective
parties, the plaintiff was released. *Held*, that the plaintiff, having
fully performed the agreement on his part before the duress had
ceased, might recover from the defendant the amount paid on the
settlement.

Heckman vs. Swartz.

APPEAL from the Circuit Court for *Green* County.

This action was brought to recover $1,635, alleged to have been obtained from the plaintiff by the defendant, by duress of imprisonment upon a void warrant issued upon complaint of the defendant falsely charging the plaintiff with having· committed the crime of fornication with one Mary Jane Swartz, the daughter of the defendant, and by threats of future and further prosecutions therefor. The case has heretofore been twice before this court: once on an appeal from an order sustaining a demurrer to the complaint, and again on an appeal from an order overruling a demurrer to a counterclaim set up in the answer of the defendant. Both orders were reversed by this court. 50 Wis. 267; 55 Wis. 173. A statement of the complaint will be found in the case reported in 50 Wis. 267.

After the determination of those appeals the cause was tried, and a special verdict returned by the jury. The plaintiff moved on such verdict for judgment against the defendant. The motion was denied. The plaintiff then interposed a motion to set aside the verdict, and for a new trial, which motion was also denied, and the court thereupon gave judgment for the defendant. The special verdict sufficiently indicates the questions of fact litigated on the trial. It is in the form of interrogatories put to the jury and their answers thereto. These are as follows:

" 1. Is the affidavit made by the defendant before S. W. Abbott, Esq., as well as the warrant issued by said justice, correctly set forth in the plaintiff's complaint in this action? It is.

" 2. Was the plaintiff arrested on the said warrant by the sheriff of Green county? He was.

" 3. When the defendant applied to Justice Abbott for a warrant of arrest, was it to have him arrested for bastardy or fornication? For bastardy.

" 4. Did the plaintiff or Justice Abbott suggest that the

complaint should be made and the warrant issued for fornication instead of bastardy? Justice Abbott.

"5. On being arrested, was the plaintiff handcuffed by the sheriff? He was.

"6. Was the plaintiff handcuffed by the sheriff at the request of the defendant? He was not.

"7. Did the sheriff, at the time he arrested the plaintiff, use unnecessary force or violence in so doing, or try in any way to frighten and intimidate him? He did not.

"8. Was the plaintiff, on arriving at Monroe, taken at once to the jail after being arrested? He was.

"9. Was he so taken to the jail at the instance and request of the defendant, or on the sheriff's own motion? Sheriff's own motion.

"10. How long was the plaintiff confined in the jail under said arrest? About four and one-half hours.

"11. Was the plaintiff, by reason of his arrest and imprisonment, induced to make the settlement in question, contrary to his own free will? He was not.

"12. Was the plaintiff, while he was under arrest, induced to make said settlement against his own free will by threats of the defendant that if he did not settle he would prosecute him and send him to the state's prison for his conduct with the defendant's daughter? He was not.

"13. Was the plaintiff compelled to make the settlement in question by fear of death or great personal injury to him, caused by any threats or menaces of the defendant? He was not.

"14. Did the defendant institute the criminal proceedings against the plaintiff for the purpose of compelling him to make the settlement in question? He did.

"15. Did the defendant, at the instance of Justice Abbott, make complaint against the plaintiff, and then cause his arrest in order to prevent his escape from the state, and under the belief that he was about to remove from the

state, so that he could not be arrested for bastardy? He did.

" 16. Was the note of the Musser Bros. for $2,050 delivered by the plaintiff to the defendant before or after he was released from arrest and imprisonment?   After."

The plaintiff appeals from the judgment.

*B. Dunwiddie* and *B. F. Dunwiddie*, for the appellant, argued, among other things, that where there is an arrest for an improper purpose without just cause, or an arrest for just cause but without lawful authority, or for just cause but for an unlawful purpose even though under process, it is duress of imprisonment; and if the person arrested, and under any of these species of duress, execute a contract or pay money for his release, he may avoid such contract and recover back the money so paid in assumpsit. *Bush v. Brown*, 49 Ind. 573; *Watkins v. Baird*, 6 Mass. 506; *S. C.* 4 Am. Dec. 170; *Brooks v. Berryhill*, 20 Ind. 97; *Richardson v. Duncan*, 3 N. H. 508; *Severance v. Kimball*, 8 id. 386; *Tilley v. Damon*, 11 Cush. 247; *Foshay v. Ferguson*, 5 Hill, 154; *Fisher v. Shattuck*, 17 Pick. 252; *Strong v. Grannis*, 26 Barb. 122; *Hackett v. King*, 6 Allen, 58; *Richards v. Vanderpool*, 1 Daly, 71.   Fornication is a statutory offense and must be charged in the words of the statute, the woman being alleged to be single.   Bishop, Stat. Cr. secs. 692–3; 2 Wharton, Cr. Law (7th ed.), sec. 2668; *State v. Shear*, 51 Wis. 460; *Comm. v. Murphy*, 2 Allen, 163.   The complaint failing to charge an offense, the justice had no jurisdiction to issue any warrant.   The warrant is void for the same reason, and for the further reason that it alleges the offense to have been committed at a date two months subsequent to the date of the warrant itself.   *Comm. v. Doyle*, 110 Mass. 103; *State v. Noland*, 29 Ind. 212; *Collins v. State*, 58 id. 5; *Lanham v. State*, 9 Tex. App. 232; *State v. Litch*, 33 Vt. 67.

*John Winans*, for the respondent, to the point that the

payment having been *voluntarily* made in consideration of an agreement that the defendant would not prosecute the plaintiff for any criminal offense, the latter cannot recover, cited *Shultz v. Culbertson,* 46 Wis. 313; *Miller v. Larson,* 19 id. 463; *Elston v. Chicago,* 40 Ill. 514; *Patterson v. Cox,* 25 Ind. 261; *Roll v. Raguet,* 4 Ohio, 418; 12 id. 545; *Greenwood v. Curtis,* 6 Mass. 381; *White v. Buss,* 3 Cush. 449; *Merwin v. Huntington,* 2 Conn. 209; *Daimouth v. Bennett,* 15 Barb. 541; 37 id. 343; 58 id. 165.

LYON, J.   I.  A proposition urged on behalf of the plaintiff will first be considered, as the determination of it has, or may have, an important bearing upon the case.   It is alleged in the complaint, and was maintained in argument by counsel for the plaintiff, that neither the warrant upon which the plaintiff was arrested, nor the complaint upon which it issued, charged any criminal offense, and hence such warrant is void, and the arrest of the plaintiff by virtue of it was illegal.

The complaint was made March 27, 1878, and charges that the plaintiff did, on May 20, 1877, in the town of Jefferson, in Green county, "commit the offense of fornication with Mary Jane Swartz, by her then and there carnally knowing," etc.   The recitals in the warrant follow the complaint, except the offense is therein stated to have been committed May 20, 1878 — a date later than the issuing of the warrant.   The objections to the validity of the warrant are that neither in it nor in the complaint is it alleged that Mary Jane Swartz was a single woman when the plaintiff thus carnally knew her, and the warrant states the alleged offense to have been committed at a future time.

As to the mistake of date in the warrant, it need only be said that it was purely clerical, and could mislead nobody. Certainly the plaintiff was not misled by it, and the process was amendable in that particular.   Sec. 4706, R. S. (Laws

of 1871, ch. 137, sec. 30). The omission from the complaint of an averment that Mary Jane Swartz was a single woman requires more consideration. The statute in force when the criminal prosecution was instituted provided that " if any man shall commit fornication with any single woman, each of them shall be punished," etc. 2 Tay. Stats. 1954, § 4 (R. S. sec. 4580). Hence it is an essential element in the crime charged that the female offender be unmarried.

It may be conceded that the complaint and warrant are insufficient, and that, had the objection been taken in the criminal proceeding, it should have been dismissed. Yet it by no means results therefrom that the arrest was illegal. A dismissal for the reason indicated would not necessarily be an adjudication that no crime was charged in the complaint and warrant, but only that a crime was not charged with technical legal accuracy. It must not be forgotten that the sufficiency of the complaint and warrant are not attacked in the criminal proceeding itself, but only collaterally, and when so attacked it has been held that great latitude of construction is to be indulged in support of jurisdiction. Thus in *Pratt v. Bogardus*, 49 Barb. 89, which was an action for false imprisonment, it was held that a warrant issued by a justice of the peace on a complaint for obtaining property by false pretenses was valid, although the complaint failed entirely to state what such pretenses were. The case is very similar in principle to the one we are considering. It was essential to a good complaint for obtaining property by false pretenses, to allege and state what such pretenses were, and a complaint not containing such statement is just as defective, and defective for the same reason, as one which charges fornication without alleging that the female offender is a single woman. So in *Payne v. Barnes*, 5 Barb. 465, which was also an action for false imprisonment, the complaint was for larceny, and the recital thereof in the warrant omitted to specify the value

of the property stolen. The warrant was held valid, and the arrest under it legal. We are aware of no case in this court holding a different rule. On the contrary, we think our decisions tend to uphold the same doctrine. See *Cross v. State*, 55 Wis. 261, and cases cited by Mr. Justice TAYLOR. In the case of *State v. Gooch*, 7 Blackf. 468, which was an indictment for fornication, it was held, on a motion to quash the indictment, that it was a good indictment, although it contained no averment that the female offender was an unmarried woman. This is a very extreme case, and perhaps ought not to be followed in a direct proceeding. It is authority, however, that such a defect does not invalidate the warrant and render the arrest illegal. *Hintz v. State*, 58 Wis. 493, is an instructive case on this point.

. Our conclusions on this branch of the case are that the complaint charges a crime; that the justice had jurisdiction to issue the warrant; that such warrant is valid, and hence that the plaintiff was lawfully arrested.

II. The denial by the court of the plaintiff's motion for judgment on the special verdict is assigned for error. This presents the question, Is the judgment for the defendant supported by such verdict? We understand the law to be well settled that, although an arrest may be for a just cause and under valid process, yet if it be for an illegal purpose, and the person arrested pays money for his release, he may be considered as having paid it by duress of imprisonment, and may recover it back. It was so held in *Richardson v. Duncan*, 3 N. H. 508; *Severance v. Kimball*, 8 N. H. 386; and in *Hackett v. King*, 6 Allen, 58. So in Bull. N. P. (7th ed.), 172, it is said: "If the arrest were by warrant from a justice of the peace on a charge of felony, . . . though a felony were committed, yet if the arrest be unlawfully made use of, it may be construed a duress."

. We have already seen that the plaintiff was arrested

Heckman vs. Swartz.

under valid process, and the jury found that it was for just cause. But they found, also, that the defendant instituted the criminal proceedings for the purpose of compelling the plaintiff to make the settlement under which he paid the defendant the money he seeks to recover back in this action; and that the money was paid (or, what is the same thing, the note of the Musser Bros. was delivered) under an agreement between the parties that the defendant would not and should not prosecute the plaintiff for any criminal offense.

The purpose for which the prosecution was instituted was unlawful. It was not to vindicate the peace and dignity of the state in any way, or to promote the public welfare, but to coerce the plaintiff to pay a claim which he was unwilling to pay. This was an abuse of the process of the court. Then, in order to accomplish such unlawful purpose, he agreed not to prosecute the plaintiff for any crime. This also was unlawful. It is equally illegal to compound felony or a misdemeanor. *Severance v. Kimball, supra,* and cases there cited. See, also, *Fay v. Oatley,* 6 Wis. 42.

The purpose of the prosecution thus being unlawful, and the money having been paid pursuant to an unlawful agreement, if the plaintiff paid it for his release, it is duress of imprisonment, and he is entitled to recover his money. But there are findings which change entirely the aspect of the case. One of these is to the effect that the plaintiff did not make the payment to the defendant until after he was released from imprisonment and arrest. This is a most vital finding in the case, for it shows that the actual duress had ceased before the payment, and there was left for the determination of the jury only the question suggested in *Schultz v. Culbertson,* 46 Wis. 313, whether the original duress, or, more correctly speaking, the effect of it upon the plaintiff's mind, continued and influenced him to pay the money, although the actual imprisonment had ceased,

or whether he paid it freely and voluntarily, uninfluenced by such former imprisonment. On that proposition the jury have found, in a variety of forms, that the payment was thus freely and voluntarily made.

Hence, while facts are found which show at one time duress of imprisonment, other findings show, in effect, that after such duress and the influence of it had ceased the plaintiff freely and voluntarily paid the money which he now sues to recover back. We think the special verdict supports the judgment for the defendant, and hence that it was not error to deny the plaintiff's motion for judgment.

III. The next question is, Ought the court, on plaintiff's motion, to have set aside the verdict and granted a new trial? If any finding of fact, essential to uphold a judgment for the defendant, is unsupported by the evidence, the motion should have been granted. Does the verdict contain any such unsupported finding? We are of the opinion that it does.

The defendant received the note of the Musser Bros. in full payment of the sum which the plaintiff agreed in the settlement to pay him. The transaction was precisely the same as though the plaintiff had made the payment in cash, without the intervention of the Mussers. But their intervention rendered it necessary that a mortgage to them should be executed by the plaintiff and wife. The latter was not present. It was also made necessary by the terms of the settlement that Mary Jane Swartz should sign a release with her father, the defendant. She also was absent when the settlement was made. Such being the situation of affairs the business was done in the following manner: The plaintiff executed to the Mussers his notes for the amount they were to advance for him to the defendant, and delivered the same directly to them. He then executed a mortgage on real estate and a chattel mortgage to the Mussers as security for the payment of such notes. The Mus-

sers executed their notes to the defendant for the sum plaintiff had agreed to pay him. The defendant executed a release of damages, etc., to the plaintiff. All of these instruments, except the notes first above mentioned, were placed in the hands of Mr. Clawson, by consent of all interested, to be delivered to the persons respectively entitled thereto, after Mrs. Heckman should execute the real estate mortgage and Mary Jane the release, and they were afterwards so delivered.

When these instruments were placed in the hands of Mr. Clawson the plaintiff was in duress. The only foundation in the testimony for the finding that the note of the Mussers was delivered by the plaintiff to the defendant after the former was released from arrest and imprisonment, is that such note was delivered to him by Clawson after the plaintiff was so released. This finding (as already intimated) is equivalent to a finding that the actual duress had terminated before the plaintiff paid the defendant the money on the settlement. The finding is not warranted by any testimony in the case.

After the plaintiff had executed his notes and mortgages to the Mussers, and they had executed their note to the defendant and deposited it with Clawson, the agreement of the plaintiff made under duress was, so far as he was concerned, fully executed. After that time he was powerless to recede from his agreement, or prevent the delivery of Mussers' note to the defendant. He only stipulated that it should not be delivered until Mary Jane should sign the release, which she did the next morning. After she did so the Mussers' note remained with Clawson, awaiting Mrs. Heckman's signature to the mortgage, solely for the protection of the Mussers. The fact that the jury found the note of the Mussers was delivered to the defendant after the plaintiff was released, and with his consent, is therefore of no significance. An objection to such delivery at that time would

have been unavailing. Because the plaintiff fully executed the agreement with defendant on his part while he was under arrest, reserving no right to recede therefrom, and thus putting it out of his power to prevent a delivery of Mussers' note to the defendant, he is in the same position as though he had paid over the stipulated sum in cash to the defendant before he was discharged from custody. Hence the finding in the special verdict to the effect that the imprisonment of the plaintiff had ceased before he made the payment cannot be upheld.

The materiality and importance of this finding has already been alluded to. It is a reasonable and proper presumption that the fact so found is the basis of the several findings that the plaintiff made the settlement and paid the money freely and voluntarily, uninfluenced by his arrest and imprisonment. At least, such may have been the basis of those findings. Eliminate from the case the alleged fact that the payment was made after the plaintiff had been released from custody, and it is doubtful whether the jury would, or probably could, have found that the settlement and payment were freely and voluntarily made by the plaintiff.

Other errors are assigned, but it is not deemed necessary to consider them.

Because a finding of fact material to the defendant's case, and which may be indispensable to his defense, is wholly unsupported by the evidence, the judgment in his favor cannot be upheld. The judgment must be reversed, and the cause remanded for a new trial.

*By the Court.*— It is so ordered.