BEHL, Appellant, vs. SCHUETT and another, Respondents.

*September 7 — September 26, 1899.*

*Duress of imprisonment: Abuse of process: Note given in settlement: Instructions to jury.*

1. A charge stating fairly the claims of the respective parties in accordance with the evidence is *held* not to have been erroneous as likely to mislead the jury into supposing it to be a statement of facts proven.

Behl vs. Schuett and another.

2. Bringing an action for malicious prosecution and securing the defendant's arrest in bad faith and merely to coerce a settlement regardless of the fact whether a cause of action exists or not, is an abuse of process, even though the process be valid on its face; and a settlement so induced will be vitiated by the duress if that was reasonably adequate to overcome the will of the defendant and did overcome it.

3. The question being whether a note given by defendant to settle an action for malicious prosecution had been obtained by duress of imprisonment, the fact that bail had been fixed at an apparently excessive sum and had so remained was a fact properly to be considered by the jury, as having rendered successful duress easier of accomplishment, although such bail was fixed by a court commissioner and not by plaintiff.

4. The refusal to give special instructions as requested is not error where, so far as they were material and correct, they were fairly covered by the general charge.

APPEAL from a judgment of the circuit court for Fond du Lac county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

This is an action upon a promissory note dated February 23, 1893, for $237.50, signed by the defendants, payable to the order of the plaintiff ten days after date. The defense was that the note was obtained by the plaintiff by means of duress of imprisonment. The evidence in support of this defense will be found substantially stated in the report of this same case, 88 Wis. 471, when it was here upon the previous appeal, and it is therefore unnecessary to restate the facts here. The jury returned a verdict for the defendants, and the plaintiff appeals.

*J. J. McAuliffe* and *C. W. Briggs,* for the appellant.
*George W. Sloan,* for the respondents.

WINSLOW, J. The only errors claimed relate to the charge of the court. These will be considered.

The court stated to the jury the claims of the defendants in the following terms: "They claim, among other things, that the plaintiff and his wife — that is, *Mr. Behl* and his wife —

brought an action in 1893 against the defendant *William Christian* for malicious prosecution, laying their damages in that action at the sum of $20,000; that they procured a warrant of arrest in that action from a court commissioner of Milwaukee county for the arrest of *William Christian*, with directions to hold him to bail in the sum of $10,000; that such warrant was placed in the hands of the sheriff of Dodge county, where *Mr. Christian* resides, with instructions to arrest and take him to the city of Milwaukee by early morning train on February 23, 1893; that the sheriff did arrest him at 3 o'clock in the morning of that date, and took him to the city of Milwaukee by early train, where it was more difficult for him to consult or communicate with his friends and to obtain bail than it would have been if he were at home; that at Milwaukee he was at once taken to the office of the plaintiff's attorney in that action, and there had an interview with the plaintiff and his attorney. *Mr. Christian* claims that in that interview the plaintiff, or his attorney, or both, refused to accept sufficient bail which he offered, and refused to give him an opportunity to get other bail, but that they insisted that he must settle or go to jail; that he was thus made to believe that he must settle in order to avoid going to jail, and that therefore, and so believing, he did settle, and gave the note in suit. The plaintiff claims that the note was given voluntarily by *Mr. Christian* and *Mr. Schuett*, without any fraud or duress, and for the purpose of settling or compromising the action which was then.pending against the defendant *Christian*."

This seems to be a substantially fair statement of the defendants' claims, but it is said that it might be misleading, because the jury might consider it as a statement of facts proven, rather than simply of claims made. This position, however, is not tenable, because the court distinctly told the jury that the defendants "claim" these to be the facts. Exception was taken specially to that part of the foregoing

instruction which says that the defendants claim that the plaintiff and his attorney refused sufficient bail which was offered, and refused to give the main defendant an opportunity to get bail, because it is said that there is no evidence that sufficient bail was offered. The evidence of the defendant *Schuett*, however, is to the effect that he offered to sign the bond himself, and offered to procure another signer, either by telegraphing or going to Watertown, but that the plaintiff's attorney refused to wait, and told them that bonds must be given at once, or that *Christian* must go to jail or settle. This evidence seems to justify the instruction.

Error is also claimed because the court told the jury, in substance, that if *Behl* was prosecuting the former action *in good faith*, and *Christian* compromised it by giving the note without fraud or undue advantage being taken of him, then the defendants are liable. It is said that there was no question as to the good faith of the former action in the case. In this position the appellant is clearly in error. The principal question in the case was whether *Behl* was prosecuting the former action in good faith to collect damages, or whether he had brought it and secured *Christian's* arrest in bad faith and simply in order to coerce a settlement regardless of the fact whether he had any good cause of action or not. If such was his purpose, then the process of the court was abused, even though the process was valid on its face; and a settlement so induced will be vitiated by the duress if the evidence shows that the duress was reasonably adequate to overcome the will of the defendant and did overcome it. *Heckman v. Swartz*, 64 Wis. 48.

Error is also claimed because the court gave the following instruction: " One of the facts and circumstances which you may consider in this case, in determining whether or not the note and money were obtained by fraud and duress, is the fact that the order of arrest mentioned required that the defendant *William Christian* should be held to bail

in the sum of $10,000." In support of this exception it is said that the amount of bail was fixed by a court commissioner, and not by the plaintiff, and hence that the question of the amount is not a proper subject of consideration, because the plaintiff is not responsible for the amount at which it was fixed. It is certainly true that the plaintiff does not fix the amount of the bail, and hence cannot be held responsible because it may have been excessive, at least in the absence of collusion between himself and the officer; but still the fact that the amount was fixed by the officer at an apparently excessive sum, and so remained, is certainly a fact which rendered it far more difficult for the defendant to secure bondsmen, and thus rendered successful duress by the plaintiff much easier of accomplishment; and in this view of the case it was a fact entitled to be considered by the jury. The court would doubtless have correctly limited or explained the instruction if requested, but no request to that effect was made. We do not regard the instruction as erroneous.

The following instructions were asked by the plaintiff, and refused: " (1) I charge you that 'duress of imprisonment' is unlawful imprisonment, or is compulsion by illegal restraint of liberty; and, if you find that the defendant *Christian* was legally in custody, then there was no duress of imprisonment. (2) That duress of imprisonment is unlawful imprisonment, or is compulsion by illegal restraint of liberty; and that in this case the defendant *Christian* was not illegally restrained of his liberty, but was in custody of the sheriff by due process of law. (3) That if a man is lawfully imprisoned, and to procure his discharge, or on any other fair account, seals a bond or deed, or gives his note, this is not duress. (4) That imprisonment, when lawful, is by no legal intendment an abridgment of the free voluntary volition of the mind in the management of business transactions." The error in the first and second of these proposed

instructions has already been shown in this opinion, and it is unnecessary to consider it further. The court, in the course of its general charge, told the jury that the fact that the note was executed while *Christian* was under arrest did not render the note void; that the arrest was upon due process of law, and not illegal; and that imprisonment at the time of making a compromise does not itself constitute duress. These instructions fairly cover all that is material and correct in the last two instructions, and therefore there was no error in refusing them.

*By the Court.*— Judgment affirmed.