STATE EX REL. HELLIGE, Respondent, vs. MILWAUKEE LIEDERTAFEL, Appellant, and another, Respondent.

*October 26—November 13, 1917.*

*Arrest and bail: Affidavit: Sufficiency: Remedies: Habeas corpus.*

1. Under sub. (2), sec. 2689, Stats. 1915, an order of arrest may properly be issued in a civil action where it appears by affidavit that the defendant, while treasurer of a corporation, wrongfully converted moneys of the corporation to his own use and fraudulently misapplied its funds.

[2. Whether *habeas corpus* is a proper remedy in a case where an order of arrest has been issued without a sufficient affidavit, or whether a motion to vacate the order under sec. 2715, Stats., is the exclusive remedy, is not decided.]

3. The nature of a *habeas corpus* proceeding, as being in itself a civil action and not a motion in another action, the proper parties thereto, and the procedure therein, are indicated.

278     SUPREME COURT OF WISCONSIN.     [Nov.

State ex rel. Hellige v. Milwaukee Liedertafel, 166 Wis. 277.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

*Habeas corpus.* The relator was arrested by virtue of a warrant issued by a circuit court commissioner in a civil action, the warrant being founded on a verified complaint and an affidavit made by the financial secretary of the appellant corporation, both stating in substance that the relator, while acting as treasurer of the corporation, received $251.29 of the corporate funds which he refuses to turn over to the plaintiff and has wrongfully converted to his own use, and that the relator, while acting as treasurer of said corporation, fraudulently .misapplied the funds of the corporation. The relator gave bail immediately on his arrest, but subsequently was surrendered by his bail and again taken into custody, whereupon he brought these *habeas corpus* proceedings against the sheriff. The relator being brought before the court by the sheriff in response to the writ, the appellant also appeared and became a party to the proceedings and demurred to the sufficiency of the petition, the demurrer being treated by the court as in substance a motion to quash the writ, and the trial court, after hearing the matter, discharged the relator from custody on the ground that the arrest proceedings were not authorized by law. Thereupon the *Liedertafel* corporation appealed.

For the appellant there was a brief by *Jeger & Klingelhoefer* of Milwaukee, and oral argument by *Alfred Klingelhoefer.*

*Adolph G. Schwefel* of Milwaukee, for the relator.

WINSLOW, C. J. In this case it is held that an order of arrest may properly be issued in a civil action where it appears by affidavit as here that the defendant, while treasurer of a corporation, wrongfully converted moneys of the corporation to his own use and fraudulently misapplied the

funds of the corporation.    Sub. (2), sec. 2689, Stats. 1915.
A mere reading of the statute settles the question.

This holding makes it unnecessary to decide the question
whether *habeas corpus* is a proper remedy in a case where
the warrant has been issued without a sufficient affidavit, or
whether in such case a motion to vacate the order under
sec. 2715, Stats., is the exclusive remedy.    It seems best,
however, to make some suggestions as to the practice in
*habeas corpus* cases in view of the unsatisfactory state of the
record before us.    The case has been treated on both sides
as though the *habeas corpus* proceedings were simply pro-
ceedings occurring in the course of the original civil action
and the order appealed from an order made in that action.
Apparently the whole record in the civil action has been re-
turned here in response to the appeal, and the judgment of
discharge as well as the other *habeas corpus* papers, includ-
ing the notice of appeal and undertaking, are entitled in the
civil action.    This indicates failure to understand the na-
ture of a *habeas corpus* proceeding.    It is not a motion in
another action; on the contrary it is a civil action of itself,
in which the state on the relation of the petitioner is plaint-
iff and the person charged with unlawfully imprisoning
the petitioner is at least one of the defendants.    All par-
ties who are interested in the continuance of the imprison-
ment are potential defendants and doubtless are entitled to
appear and become parties in fact as the plaintiff in the civil
action did in the present case.    Sec. 3432, Stats.    The sub-
ject of the nature of a *habeas corpus* proceeding was fully
discussed and settled in the case of *State ex rel. Durner v.
Huegin,* 110 Wis. 189, 85 N. W. 1046.

The proper method of challenging the sufficiency of the
petition is by motion to quash the writ, not by demurrer.
21 Cyc. 317.    If this motion be overruled, or in the event
of no such motion being made, a full return should be made
as the statute prescribes, which may be traversed, thus rais-

ing an issue of fact for trial, or the petitioner may stand upon the return and move for discharge, thus admitting its truth and in effect challenging its sufficiency.    Secs. 3419, 3420, 3425, 3426, Stats.; 12 Ruling Case Law, § 57, p. 1239.

No prejudice to the rights of any party seems to have resulted from the erroneous practice in the present case and the parties are equally at fault, but it has seemed desirable to point out the errors and indicate the correct procedure in order that such confusion may be avoided in the future.

*By the Court.*—Judgment reversed, and action remanded with directions to quash the writ and remand the relator to custody.