LARSON, Sheriff, Plaintiff in error, vs. STATE EX REL. BENNETT, Defendant in error.

*March 6—March 31, 1936.*

For the plaintiff in error there were briefs by *La Follette, Rogers & Roberts,* and oral argument by *W. Wade Board-man,* all of Madison.

For the defendant in error there was a brief by *Hall, Baker & Hall* of Madison, and oral argument by *Laurence W. Hall.*

NELSON, J.    Lawrence O. Larson, as sheriff of Dane county, sued out this writ of error to review an order of the circuit court for Dane county (Judge COWIE presiding) which discharged the defendant in error, Cornelia Bennett, from his custody, after hearing had on a writ of *habeas corpus,* granted by AUGUST C. HOPPMANN, circuit judge. The facts are not in dispute. On May 24, 1934, a judgment of divorce

was duly rendered in the circuit court for Dane county (A. G. ZIMMERMAN, circuit judge, presiding) in a certain action in which Martin T. Bennett was plaintiff and Cornelia Bennett was defendant. The custody of the two minor sons of the parties, John and Michael, aged five and three years, respectively, were awarded to Mr. Bennett, subject to certain visitation privileges granted to Mrs. Bennett. On August 9, 1934, pursuant to an application made by Mrs. Bennett, her visitation privileges were enlarged so that beginning August 10, 1934, and ending September 9, 1934, she was permitted each day to have the temporary charge and companionship of the sons between the hours of 10 o'clock in the forenoon and 5 o'clock in the afternoon, but with the understanding specifically recited in the order that she should not take the children out of the jurisdiction of the court. She was also expressly told by the court not to take the children beyond its jurisdiction. On August 13, 1934, in violation of said order, Mrs. Bennett took John with her to the state of Michigan where she remained until January 19, 1935. On September 16, 1934, the court entered an order vacating the order of August 9, 1934, which order of September 16th, was personally served on Mrs. Bennett in the state of Michigan. Later on in September, Mr. Bennett instituted *habeas corpus* proceedings in the state of Michigan by which he sought to recover the custody of John. In those proceedings, however, he was not successful. Thereafter, in January, 1935, when Mrs. Bennett voluntarily returned to the state of Wisconsin a contempt proceeding was instituted against her in the circuit court for Dane county. That proceeding was heard by Judge HOPPMANN. After due hearing, the court found the facts substantially as stated, and that the taking of John to the state of Michigan was a deliberate violation of the divorce judgment and of the order of August 9th; that her said act constituted a deliberate and wilful contempt of court and was calculated to and actually did defeat, impede, and preju-

dice the rights and remedies of the plaintiff in the matter of the custody of John; that by reason of said contempt, and in order to vindicate his rights, regain the custody of John, and return him to the jurisdiction of the court, Mr. Bennett actually incurred expenses and costs in the sum of $871.70; and that $100 was a reasonable sum to be allowed Mr. Bennett as and for attorney's fees in prosecuting the contempt proceedings. Upon the facts so found, the court concluded that Mrs. Bennett was guilty of deliberate and wilful contempt of court; that said contempt was calculated to and actually did defeat, impede, and prejudice the legal rights and the legal remedies of Mr. Bennett; that Mrs. Bennett should indemnify Mr. Bennett in the sum of $971.70; that Mrs. Bennett should be given sixty days from the date of entry of the contempt order in which to pay said sum; and that, in case of her failure so to do, she be committed to the county jail for Dane county for a period of three months. The $100 attorney's fees were duly tendered. On May 24, 1935, Mrs. Bennett not having paid $871.70, the court entered an order directing the clerk of the court to issue a commitment. That was done and Mrs. Bennett was committed to the county jail of Dane county for a term of three months commencing May 24, 1935. Thereupon Mrs. Bennett applied to Judge HOPPMANN for a writ of *habeas corpus*. The writ, directed to Lawrence O. Larson, sheriff of Dane county, was granted. In the sheriff's return it was recited that Mrs. Bennett was in his custody by virtue of the commitment theretofore issued. Mrs. Bennett's attorney suggested that since a review of the order of the court awarding indemnity to Mr. Bennett was sought in the *habeas corpus* proceedings, the court might be willing to have the matter heard by some judge who had not already heard the question of law involved. He therefore moved that the matter be transferred to some other circuit judge. The court thereupon called in Judge COWIE to hear the matter at such time as should be

agreed upon. Thereafter Judge Cowie came to Madison and presided at the *habeas corpus* hearing. The court held, basing its decision largely upon *In re Ida Louisa Pierce,* 44 Wis. 411, that the court (Judge Hoppmann presiding) exceeded its jurisdiction in ordering Mrs. Bennett to indemnify Mr. Bennett in the sum of $871.70, the amount of his costs and expenses, and accordingly ordered that she be discharged from the custody of the sheriff. Thereafter the plaintiff in error sued out this writ to review that order.

The principal question argued is whether the circuit court, hereafter called Judge Cowie, erred in holding that the circuit court, hereafter called Judge Hoppmann, acted without jurisdiction in ordering Mrs. Bennett to pay to Mr. Bennett the sum of $871.70 to indemnify him for the costs and expenses incurred by him in attempting to recover the custody of John and to bring him within the jurisdiction of the circuit court for Dane county, and in committing her to the county jail of Dane county upon her failure to pay said indemnity. The statutes, pursuant to which Judge Hoppmann acted, are secs. 295.13 and 295.14.

Mrs. Bennett contends that Judge Hoppmann was without jurisdiction to order her to pay an indemnity to Mr. Bennett because the expenditures made by him did not constitute "an actual loss or injury" produced by her misconduct, as that language was construed by this court in *In re Ida Louisa Pierce, supra.* In that case it was said:

"It is very clear that the 'loss or injury' of the statute is a pecuniary loss, or injury to rights for which compensation may be made in money; a loss or injury which would entitle the injured party to maintain an action against the offender to recover damages for his misconduct. This is made apparent by the last clause of section 21, which renders the payment of the indemnity a bar to such an action."

The court was of the opinion that no pecuniary loss or injury had been shown which would entitle Mr. Alter to

maintain an action against Ida Louisa Pierce (formerly Mrs. Alter) ; that no loss or injury within the meaning of the statute had been produced by her acts which properly could be indemnified under the provisions of the statute there considered; and that the trial court could not lawfully commit her for a continuing contempt under another section of the statutes. The views of the court then expressed as to the meaning of "actual loss or injury" were approved in *State ex rel. Lanning v. Lonsdale,* 48 Wis. 348, 4 N. W. 390, and in *My Laundry Co. v. Schmeling,* 129 Wis. 597, 109 N. W. 540. The plaintiff in error on the other hand contends that the doctrine stated in the *Pierce Case, supra,* was in effect, though not specifically, clearly overruled in *Stollenwerk v. Klevenow,* 151 Wis. 355, 139 N. W. 203.

Which contention is sound, we do not now decide for the reason that at the very outset we are confronted with the question whether *habeas corpus* proceedings properly should have been invoked to review the contempt order and commitment here considered. It is contended by Mrs. Bennett that that question is ruled in her favor by the *Pierce Case, supra.* That case was also a *habeas corpus* proceeding brought in this court to test the legality of an order committing Ida Louisa Pierce to the county jail of La Crosse county for alleged contempt of court in removing to the state of Illinois, contrary to the judgment of the court rendered in a divorce action, a child of the parties which had theretofore been awarded to Mr. Alter. Although its original jurisdiction and the propriety of using the writ of *habeas corpus* for such a purpose were both questioned, this court held (Mr. Chief Justice RYAN dissenting) that the court below exceeded its jurisdiction in imposing both a fine upon the petitioner and imprisoning her until she should deliver the child to Mr. Alter. The court construed the word "fine" to mean "indemnity," and held that it was improper and illegal to award indemnity to a party and also imprison the

other party in the same contempt proceeding. The court concluded that since in its opinion the circuit court acted illegally it acted in excess of its jurisdiction (without jurisdiction) and therefore the remedy afforded by the writ of *habeas corpus* was properly invoked.

That ruling, which was assailed at the time by Mr. Chief Justice RYAN with characteristic vigor and great clarity, was then in our opinion contrary to the established law and is now completely out of harmony with the law of numerous cases, since determined, which dealt with the office, purpose, and function of the writ of *habeas corpus*.

In an early case it was said:

"And at the outset it may be observed, that the principle is well settled, that a writ of *habeas corpus* does not have the scope, nor is it intended to perform the office, of a writ of error or appeal. This doctrine is almost elementary in the law. The writ, then, cannot be resorted to for the purpose of reviewing and correcting orders and judgments which are erroneous merely. It deals with more radical defects, which go to the jurisdiction of the court or officer, and which render the proceeding or judgment void. A distinction between a proceeding or judgment which is void, and one that is voidable only for error, is recognized in the cases, and must be observed. Says DIXON, C. J., in *Petition of Crandall,* 34 Wis. 177: 'It is conceded that for mere error, no matter how flagrant, the remedy is not by writ of *habeas corpus.* For error, the party imprisoned must prosecute his writ of error or *certiorari.* Nothing will be investigated on *habeas corpus* except jurisdictional defects, or illegality, as some courts and authors term it; by which is meant the want of any legal authority for the detention or imprisonment.'" *Petition of Semler,* 41 Wis. 517, 523.

To the same effect were two other cases: *In re Blair,* 4 Wis. *522; *In re Perry,* 30 Wis. 268. In his dissenting opinion in the *Pierce Case, supra,* Mr. Chief Justice RYAN pointed out the distinction between "mere error in the commitment of a prisoner, and want of jurisdiction to commit

him," and also the confusion that had arisen as a result of certain decisions in which jurisdiction was confounded with judgment; want of jurisdiction with erroneous judgment. For many years this court has consistently held that erroneous judgments are not void and that imprisonments pursuant to them are not illegal in that sense which entitles one imprisoned thereunder to be discharged on a writ of *habeas corpus,* if the court in fact had jurisdiction of the person and the subject matter of the action.

"For mere error, no matter how flagrant, the remedy is not by *habeas corpus.* The law is well settled in this court that on *habeas corpus* only jurisdictional defects are inquired into. The writ does not raise questions of errors in law or irregularities in the proceedings." *In re Graham,* 74 Wis. 450, 43 N. W. 148. See also, *In re Pikulik,* 81 Wis. 158, 51 N. W. 261; *In re Stittgen,* 110 Wis. 625, 86 N. W. 563; *In re Carlson,* 176 Wis. 538, 186 N. W. 722; *In re Elliott,* 200 Wis. 326, 228 N. W. 592; *In re Cash,* 215 Wis. 148, 253 N. W. 788. Compare *John F. Jelke Co. v. Beck,* 208 Wis. 650, 242 N. W. 576.

The rule stated in *In re Ida Louisa Pierce, supra,* to the effect that *habeas corpus* may be invoked where a court, having jurisdiction of both the person and the subject matter, has entered an erroneous order or judgment, is now expressly overruled.

In this action it appears without question or doubt that Mrs. Bennett deliberately violated the order of the circuit court for Dane county as well as its specific instructions; that she deliberately took John to the state of Michigan and contumaciously opposed Mr. Bennett's attempt to vindicate his right to have the custody of John and to bring him back within the jurisdiction of the circuit court for Dane county; that she was guilty of contempt of court; and that the court clearly had jurisdiction of both the subject matter and the person of Mrs. Bennett and the power to punish her for such

contempt. Assuming for the purposes of argument only, that Judge HOPPMANN erred in ordering Mrs. Bennett to indemnify Mr. Bennett for his costs and expenses instead of imposing a fine upon her and ordering her to pay "the costs and expenses of the proceedings," that at most, constituted an error of judgment, not a want of jurisdiction. That error, assuming but not holding it to be error, could not be reviewed in a *habeas corpus* proceeding. *Habeas corpus,* under the established law, is not a substitute for appeal or writ of error.

*By the Court.*—The order of the circuit court for Dane county, which discharged the defendant in error from the custody of the sheriff of Dane county, is reversed, and the cause remanded with directions to remand the custody of the defendant in error to the plaintiff in error, as sheriff of Dane county.