STATE EX REL. MORGAN, Plaintiff in error, vs. FISCHER, Sheriff, Defendant in error.

*May 22—May 29, 1941.*

For the plaintiff in error there was a brief by *Sauthoff, Hansen, O'Brien & Kroncke* of Madison, and oral argument by *Anthony E. O'Brien.*

For the defendant in error there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, *Norris E. Maloney,* district attorney of Dane county, and *Henry H. Behnke,* assistant district attorney, and oral argument by *Mr. Behnke* and *Mr. Platz.*

ROSENBERRY, C. J.   On the evening of September 2, 1940, at about 7:45 p. m., Ernest Nelson, Robert Lanz, and Lawrence Drew were walking on the right side of the Middleton road toward Middleton.   The three were walking abreast, with Drew nearest the concrete.   At the time of the accident Drew was walking on the shoulder about two or three feet from the edge of the concrete.   Two cars passed them safely. A third car struck Drew who died from the effects of the blow. After the accident two wheels of the car were seen to be well off the concrete.   At the time of the accident the speed of the car was estimated to be over fifty-five miles per hour.   The defendant admitted that he was the driver of the automobile which struck Drew.

Shortly after the accident he was observed by police officers, who testified that at that time he was unsteady on his feet, could not walk straight and staggered and he had the odor of alcohol on his breath.   Later he was given tests for drunkenness by the sheriff and Officer Kelzenberg, and the latter testified that Morgan was unable to stand on either foot with his eyes closed and his arms outstretched and that he was unable to touch the tip of his nose with either index finger with his eyes closed.   The officer testified that Morgan was under the influence of intoxicating liquor at the time of the accident. After the accident the defendant gave a written consent to the taking of a blood alcohol test, which upon examination disclosed that there was 1.56 milligrams of alcohol per cubic centimeter of blood.   Dr. Kozelka testified that if a man had taken no alcohol since 7 o'clock p. m. and the alcohol content at 11 p. m. was 1.56 mg. per cc. of blood, that would indicate

that at 8 p. m. the concentration in his blood was 2.01 mg. per cc. He also testified that it is medically accepted that a concentration of 1.5 mg. per cc. is sufficient to cause anyone to be under the influence of intoxicating liquor and also that anyone with 1.56 mg. per cc. is under the influence. A diagram showing the scene of the accident discloses that the officer found a large spot of blood five feet two inches north of the concrete, that is, on the side Drew was traveling, and that most of the broken glass was found to be off the concrete shortly after the accident happened.

The district attorney filed a complaint for manslaughter upon which a warrant was issued. A preliminary examination was held and the defendant was bound over to the circuit court for trial and committed to the custody of the sheriff of Dane county, the defendant herein.

Nothing will be investigated on *habeas corpus* except jurisdictional defects amounting to want of any legal authority for the detention or imprisonment. *Petition of Crandall for a Habeas Corpus* (1874), 34 Wis. 177; *Larson v. State ex rel. Bennett* (1936), 221 Wis. 188, 266 N. W. 170.

Where a person is detained pursuant to the order of the court made upon a preliminary examination, the only question raised by a writ of *habeas corpus* is, "Was there any evidence for the magistrate to act upon and whether the complaint charged any offense known to the law?" When it is discovered that there is competent evidence upon which the examining magistrate might act in determining the existence of essential facts, jurisdiction is established and in such case the defendant will not be discharged. *State ex rel. Durner v. Huegin* (1901), 110 Wis. 189, 237, 85 N. W. 1046.

A mere recital of the facts which the court was warranted in finding indicates beyond any question that there was ample evidence before the examining magistrate upon which he might find that an offense was committed and that there was probable cause to believe the defendant guilty thereof. It is

not contended that the complaint did not state an offense known to the law.

On this appeal the defendant contends, first, that the judge of the superior court could not proceed with a preliminary examination under the complaint and warrant in this case because there was still pending in the superior court against the defendant a charge of driving while under the influence of liquor. Just how it is possible for the superior court to exclude itself from jurisdiction to conduct a preliminary examination because there is pending before it another charge growing out of the same transaction, it is difficult for us to see. No authority is cited to that proposition and we find none. There was no attempt in this case to try the defendant twice for the same offense.

The defendant places great reliance upon the fact that a death certificate was introduced in evidence by the state on the preliminary examination from which it appears that the medical examiner certified that the death was due to "accident." It is contended that because two witnesses to the accident did not testify that they saw the car strike the deceased, there is no evidence in this case rebutting or contradicting the recital in the certificate and for that reason it concludes the state. The defendant admitted that while driving west on the Middleton road he struck someone walking away from him. From other evidence it appears that the person he struck was the deceased. This would seem to be sufficient evidence upon which the court might conclude that the car driven by the defendant struck and killed the deceased. Whether it was an accident or the result of negligence is a matter for the jury on the trial. It is certain that the state is not concluded by the doctor's certificate.

This disposes of the principal contentions made here on behalf of the defendant. It satisfactorily appears from a consideration of the whole record that this proceeding if not frivolous was begun for the purpose of delay. For that

reason the matter will be summarily disposed of and the record returned to the trial court.

*By the Court.*—The order appealed from is affirmed, and the clerk is directed to remit the record forthwith to the trial court.