STATE EX REL. BRILL, Plaintiff in error, vs. SPIEKER, Defendant in error.

*October 14—November 8, 1955.*

For the plaintiff in error there was a brief by *Baumblatt & Goodman,* and oral argument by *Leonard P. Baumblatt* and *Marvin Shovers,* all of Racine.

For the defendant in error there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, *Dexter D. Black,* district attorney of Racine county,

and *Edward A. Krenzke,* special assistant district attorney, and oral argument by *Mr. Platz* and *Mr. Krenzke.*

MARTIN, J.   Appellant states the first question involved as follows:

Can the state upon a preliminary hearing be compelled to produce an exhibit previously offered in evidence on a John Doe hearing, to show the innocence of the defendant?

It is conceded that:

"Where a person is detained pursuant to the order of the court made upon a preliminary examination, the only question raised by a writ of *habeas corpus* is, 'Was there any evidence for the magistrate to act upon and whether the complaint charged any offense known to the law?' When it is discovered that there is competent evidence upon which the examining magistrate might act in determining the existence of essential facts, jurisdiction is established and in such case the defendant will not be discharged." *State ex rel. Morgan v. Fischer* (1941), 238 Wis. 88, 91, 298 N. W. 353.

It is appellant's position that the state refused to present its best evidence to prove intent to defraud, which is one of the essential elements of the crime of obtaining money by false pretenses.  At the preliminary examination counsel for appellant attempted to have the state produce a document in its possession, purported to be a statement of all the claims against the Gillen street property, which document constituted "the figures presented to me" upon which Lawrence Brill claimed he relied in making the statement at the foot of Exhibit B.  The court ruled:

"I order that he need not produce that because the court has no authority to make such a production."

Appellant urges that this was error, since the production of the document in question was the best evidence of his guilt or innocence.  We cannot agree.  The evidence which was

presented was sufficient to show that it was probable that the crime was committed and that appellant was probably guilty. The state is not required to produce all its evidence, or its best evidence, but only that which is sufficient to provide a substantial ground for the exercise of judgment by the committing magistrate. *State ex rel. Marachowsky v. Kerl* (1951), 258 Wis. 309, 45 N. W. (2d) 668; *State ex rel. Morgan v. Fischer, supra.*

The intent to defraud need not be proved by direct evidence; it may be inferred from all the circumstances proved. *State v. Hintz* (1930), 200 Wis. 636, 229 N. W. 54. There was evidence produced at the preliminary examination that all the records of Able Home Builders were in the files at appellant's office; that White and Brill went over such records together in preparing Exhibit B; that the records so consulted included the unpaid Petak bill; that Petak had presented his claim to Brill personally prior to the closing of the Roberts deal. In our opinion it was sufficient to show probable intent to defraud.

If the document in question were produced and it would show that the Petak claim was not included therein, it might give rise to an inference of innocence; but that inference might or might not overcome the inference of guilt arising from the evidence which was produced at the preliminary hearing. It would not, as appellant contends, completely negative any intent. It is for the trier of the facts to determine whether such intent has been established in the light of all the evidence which will be produced at the trial. This is not a matter to be determined upon preliminary examination or upon a hearing on a petition for a writ of *habeas corpus. Dreps v. State ex rel. Kaiser* (1935), 219 Wis. 279, 262 N. W. 700.

Appellant's second question is:

Where a buyer insists on a warranty deed, can representations as to incumbrances be relied upon to convict the seller of misrepresentations as to incumbrances?

In the first place, it was not the buyers who insisted upon the warranty deed but the building and loan association. The evidence shows that it was the Roberts' attorney who requested that a statement of accounts payable be submitted at the time of closing, which is sufficient to warrant the conclusion that it was the statement, Exhibit B, which the purchasers relied upon rather than the warranty deed. Appellant cites *State v. Butler* (1891), 47 Minn. 483, 486, 50 N. W. 532, to the effect that:

"Ordinarily, the presumption would be that the party relied on the contract, and not on the representations, but it would not be conclusive."

It is not for us to weigh the evidence. In any event, this court has said:

"It cannot be the law that merely because the pretenses constituted only one of several matters relied upon that there can be no offense of obtaining money by false pretenses. If the pretense was one of the material matters relied upon, that is sufficient." *Whitmore v. State* (1941), 238 Wis. 79, 82, 298 N. W. 194.

*By the Court.*—Order affirmed.