WOLKE, Sheriff, Plaintiff in error, v. FLEMING, Defendant in error.*

*July 20—September 1, 1964.*

* Motion for rehearing denied, without costs, on October 27, 1964.

608

610

For the plaintiff in error the cause was argued by *Robert D. Martinson* and *William A. Platz,* assistant attorneys general, and *John H. Bowers,* special counsel, of Madison, with whom on the brief were *Robert P. Russell,* corporation counsel of Milwaukee county, *George Thompson,* attorney general, and *Richard L. Cates,* special counsel, of Madison.

For the defendant in error there was a brief and oral argument by *Ray T. McCann* of Milwaukee.

HALLOWS, J. The defendant moved to quash the writ of error on the grounds the writ seeks to review an order for judgment, which order is not appealable. *Lentz v. Northwestern Nat. Casualty Co.* (1963), 19 Wis. (2d) 569, 120 N. W. (2d) 722. The order commands the sheriff of Milwaukee county to forthwith discharge the defendant from custody and contains the language, "Let Judgment Be Entered Accordingly." A writ of error is proper to review an order or judgment of any court discharging or remanding a person brought up by writ of *habeas corpus.* Sec. 274.05, Stats. Since the order commands the sheriff to discharge the defendant, it should be governed by this section and not by the exclusionary effect of the more general section 274.33 relating to appealable orders and judgments.

An order determining the rights of the petitioner in a *habeas corpus* proceeding is just as appropriate for the purpose as a judgment. Throughout ch. 292, Stats., governing *habeas corpus,* the statutes refer to orders and not to judgments with the exception of sec. 292.25 where the word "judgment" is used in the sense of decision or determination. An order discharging or directing the discharge

of a prisoner is contemplated by sec. 292.30 and provision is made therein for its enforcement. Consequently, the language in the order, "Let Judgment Be Entered Accordingly," is superfluous and should not be given the effect of destroying the appealability of the order which meets the call of sec. 274.05.

On oral argument and in his brief the defendant stated the warrant and complaint are invalid and without foundation in law because the John Doe proceeding was not founded upon any complaint oral or written. Such allegation of fact is not made in the traverse and thus not admitted by the demurrer. The traverse alleges only no complaint was made "in reference to your petitioner" and "in any manner concerning the petitioner." It is true the trial court in its opinion stated, "the vital thing in the case is that there was no oral or written complaint to institute the John Doe proceedings." But this statement must be taken in its context in reference to the defendant.

We consider the trial judge was in error in ordering the discharge of the defendant on the grounds stated in his opinion. As we understand his opinion in the light of admitted facts in the traverse, a complaint and warrant to be the valid end product of a John Doe proceeding must be based upon testimony taken upon or pursuant to the initial oral or written complaint made against or regarding the person ultimately named in the warrant. However, the validity of a John Doe proceeding under sec. 954.025, Stats., does not depend upon the written or oral complaint naming anyone. The section by its very nature contemplates an investigation into the probable commission of a crime although the perpetrator thereof is unknown to the person making the complaint to the magistrate. The statute requires only that such person have reason to believe a crime has been committed within the magistrate's jurisdic-

tion; it does not require that person to know who committed the crime. It is the purpose of the John Doe proceeding to ascertain whether the crime has been committed and by whom and the extent of such examination is within the discretion of the magistrate which must be reasonably exercised. *State ex rel. Long v. Keyes* (1889), 75 Wis. 288, 44 N. W. 13. See *State ex rel. Jackson v. Coffey* (1963), 18 Wis. (2d) 529, 118 N. W. (2d) 939. See *State ex rel. Kowaleski v. District Court* (1949), 254 Wis. 363, 36 N. W. (2d) 419, wherein the accused was named instead of John Doe. While a John Doe proceeding may be a single-shot investigation, we do not believe it necessarily must be. On the record before us the magistrate had jurisdiction to conduct a John Doe investigation involving the failure to report traffic violation convictions in Milwaukee county.

This review raises an important question of the scope of the writ of *habeas corpus* when the writ is used immediately after the arrest and before a preliminary hearing is had. Usually the writ is sought after a preliminary hearing has been held or after a judgment or order of a court has been made. At common law and in this state a writ of *habeas corpus* does not perform the function of a writ of error or an appeal but is confined to an examination of jurisdictional defects or illegality amounting to a want of legal authority for the detention or the imprisonment of the defendant. *Larson v. State ex rel. Bennett* (1936), 221 Wis. 188, 266 N. W. 170; *State ex rel. Morgan v. Fischer* (1941), 238 Wis. 88, 298 N. W. 353; *State ex rel. Isenring v. Polacheck* (1898), 101 Wis. 427, 77 N. W. 708. And, ordinary judicial errors as distinguished from jurisdictional errors are not reached or considered by the writ of *habeas corpus*. *In re Milburn* (1883), 59 Wis. 24, 17 N. W. 965. However, in this state especially of late the writ of *habeas corpus*

has been used and recognized as a postconviction review of errors, whether they be considered jurisdictional or judicial, involving a violation of a constitutional right. *Babbitt v. State* (1964), 23 Wis. (2d) 446, 127 N. W. (2d) 405; *State ex rel. Burnett v. Burke* (1964), 22 Wis. (2d) 486, 126 N. W. (2d) 91; *State ex rel. Casper v. Burke* (1959), 7 Wis. (2d) 673, 97 N. W. (2d) 703. *Habeas corpus* to review constitutional error is not limited to postconviction review. Even though *habeas corpus* may lie before trial to review constitutional error although jurisdiction exists, it does not lie in a situation such as this where another adequate remedy exists.

What amounts to jurisdictional error is a matter of some misunderstanding. As early as 1901 in *State ex rel. Durner v. Huegin* (1901), 110 Wis. 189, 237, 85 N. W. 1046, this court in an exhaustive opinion discussed the nature and scope of a writ of *habeas corpus* and held that a writ of *habeas corpus* reached only jurisdictional error and did not reach beyond the commitment to the proceedings leading up thereto where the person in custody was detained by virtue of the final judgment or order of a court having jurisdiction of the subject matter and the person. This rule, however, did not apply where a person in custody was being held on a commitment for trial because a preliminary examination is statutory and compliance with the statute is a requisite to jurisdiction. Therefore the writ of *habeas corpus* can be used to test whether there is any competent evidence "for the judicial mind of the examining magistrate to act upon in determining the existence of the essential facts," and whether the complaint charged an offense known to law.

If an examining magistrate acts without evidence he exceeds his jurisdiction; however, any act upon competent evidence is within his jurisdiction whether he decides the

matter wrongly or rightly, and thus the writ will not lie in the latter case. A magistrate acts without jurisdiction if he binds over a defendant solely on testimony of an incompetent witness. *Hancock v. Hallmann* (1938), 229 Wis. 127, 281 N. W. 703.

What constitutes jurisdictional error or defect prior to the preliminary hearing has been the subject of at least two reported Wisconsin cases. In the first case, *In re F. S. Eldred. In re Oliver B. Ford* (1879), 46 Wis. 530, 1 N. W. 175, a complaint was made to a magistrate for the arrest of Eldred and Ford. A warrant was issued and upon their arrest they sought their freedom by a writ of *habeas corpus*. The return to the writ was traversed and the state demurred, as was done in the instant case. The trial court held the arrest was pursuant to a legally issued warrant. On appeal this court said the writ of *habeas corpus* where a prisoner is held by legal process raises only the question of jurisdiction of the court or officer to issue the process of arrest. The court then considered the facts in the traverse as they bore on the question of jurisdiction of the justice of peace as an examining magistrate to entertain the complaint against the defendants and decided he had no jurisdiction to issue the warrant on which the arrests were made because the offense alleged in the complaint was not committed in his county.

In the second case, *State ex rel. Hellige v. Milwaukee Liedertafel* (1917), 166 Wis. 277, 279, 164 N. W. 1004, the relator was arrested by virtue of a warrant issued by a circuit court commissioner. The warrant was founded on a verified complaint and an affidavit in a civil case, both stating the relator as treasurer fraudulently misapplied corporate funds. Upon his arrest the relator secured a writ of *habeas corpus* and was discharged from custody of the sheriff. Upon appeal this court held the order of arrest was

properly issued in the civil action upon the affidavit and stated, "This holding makes it unnecessary to decide the question whether *habeas corpus* is a proper remedy in a case where the warrant has been issued without a sufficient affidavit, or whether in such case a motion to vacate the order under sec. 2715, Stats. [now sec. 264.28], is the exclusive remedy."

It is clear under *Durner v. Huegin* and *Eldred-Ford Cases* that the warrant must charge some offense. The defendant claims the complaint and warrant are illegal, void, and of no effect because they fail to state any offense. This argument is based on several grounds, *i.e.,* in the first count, mandatory language "against the peace and dignity of the state" required by sec. 955.14(2), Stats., is omitted, and the first and second counts charge no offense because oral testimony cannot constitute false swearing under sec. 946.32 (1) (a). It is also argued that in three of the nine remaining counts charging misfeasance in office that the acts are alleged to have occurred subsequent to January 1, 1962, when the defendant was a deputy clerk rather than the clerk of the criminal courts of Milwaukee county. The sufficiency of each remaining count is challenged because of the absence of an allegation of the date of the traffic violation conviction which was alleged not to have been reported within forty-eight hours.

It is not necessary to answer all these contentions. If any one count charges an offense, the warrant is sufficient to sustain the defendant's arrest and detention. We consider counts three to eleven adequately stated offenses known to law and support the warrant. The rule of certainty is not violated by the allegations. There is no statutory requirement that the date of the convictions be alleged. Each misfeasance in office is alleged to consist of failing to report a conviction within forty-eight hours as required by statute.

The allegations sufficiently charge the defendant on specific dates with failure to report convictions within forty-eight hours from the time of such conviction. The complaint is not ambiguous or misleading and a collateral attack on it should be liberally construed in favor of jurisdiction. *Heckman v. Swartz* (1885), 64 Wis. 48, 24 N. W. 473.

The other arguments of the defendant do not involve questions of jurisdictional defects or the facts do not constitute such a defect. The form of the subpoena used in the John Doe proceeding did not deprive the magistrate of jurisdiction to issue the warrant. If the defendant believes the subpoena was improper he could have refused to testify; having testified, the defendant waived his objection. Nor does the defendant's argument that he was compelled to testify while a suspect in violation of the Fifth and Fourteenth amendments of the United States constitution raise a jurisdictional question. The Fifth amendment is now applicable in effect to state proceedings by virtue of the Fourteenth amendment. *Malloy v. Hogan* (1964), 378 U. S. 1, 84 Sup. Ct. 1489, 12 L. Ed (2d) 653. If the defendant should not have been interrogated while a suspect without warning or advice that he was a suspect, his testimony was illegally obtained and the question of its use can be raised by a proper motion to suppress under sec. 955.09, Stats.

The decision in *United States v. Thayer* (D. C. Colo. 1963), 214 Fed. Supp. 929, relied on by the defendant, does not hold that testimony of a suspect obtained in an *ex parte* proceeding results in a jurisdictional defect. Assuming the testimony of the defendant can be excluded from consideration in determining jurisdiction for the making of the complaint and for the issuance of the warrant by the magistrate under sec. 954.025, there still remains the competent testimony of three other witnesses which relate to the counts in the complaint alleging misfeasance in office.

The magistrate thus had jurisdiction on this testimony to act under sec. 954.025, in issuing the warrant and the arrest was not a nullity.

Defendant also argues his imprisonment is illegal because in violation of the Fifth and Fourteenth amendments of the United States constitution since he was entitled to immunity for testifying under sec. 325.24, Stats., except for perjury which is not charged. Under *State v. Davidson* (1943), 242 Wis. 406, 8 N. W. (2d) 275, the immunity of that statute applies only when the defendant claims his constitutional privilege against self-incrimination, which was not done by this defendant. The *Davidson* decision is not affected by any contrary federal standard interpreting the Fifth amendment. The decision of *United States v. Monia* (1943), 317 U. S. 424, 63 Sup. Ct. 409, 87 L. Ed. 376, construing a somewhat similar federal statute as providing an automatic immunity does not establish a federal standard applicable to the facts before us nor is it binding upon this court in its construction of what the Wisconsin legislature meant in creating sec. 325.24, Stats. Additionally, since the defendant's right under the constitution may be waived, a violation of such right is not jurisdictional but judicial error, *State ex rel. Isenring v. Polacheck* (1898), 101 Wis. 427, 77 N. W. 708, and such errors may be governed by the harmless-error rule, *Pulaski v. State,* ante, p. 450, 129 N. W. (2d) 204.

Finally, the defendant argues the warrant was illegally issued and a nullity because the John Doe proceedings were illegal and no testimony can therefore be considered as a basis for the complaint. This argument is based upon the general manner in which the proceeding was conducted, its long duration, its multiplicity of purposes, the various violations of secrecy, and abuses of discretion on the part of the judge. The misuse of testimony and a violation of

secrecy were criticized and condemned in *State ex rel. Niedziejko v. Coffey* (1964), 22 Wis. (2d) 392, 126 N. W. (2d) 96. None of the reasons advanced by the defendant seem to us to go to the validity of the John Doe proceeding. This is not to say a magistrate in conducting a John Doe proceeding cannot exceed his authority or lack of jurisdiction. We have recognized a magistrate may exceed his authority in such a proceeding. *State ex rel. Jackson v. Coffey* (1963), 18 Wis. (2d) 529, 118 N. W. (2d) 939. But on the record and as the matter is presented on this review, we cannot find the magistrate was without jurisdiction to issue a warrant for the defendant's arrest. If there is any competent evidence of the commission of a crime and who committed it, the magistrate has jurisdiction. Whether such evidence or identification is sufficient to meet probable cause is a question of judicial error for the redress of which the defendant has adequate remedies other than *habeas corpus*.

*By the Court.*—The order directing the discharge of the defendant in error Raymond W. Fleming is hereby reversed and the action remanded with directions to quash the writ of *habeas corpus* and remand the defendant in error to custody of the plaintiff in error.

HEFFERNAN, J., took no part.

FAIRCHILD, J. (*concurring*). I concur in the result and in that part of the opinion in which it is determined that the complaint filed January 8, 1964, was sufficient on its face to support the issuance of the warrant and the detention thereunder of defendant in error. I also agree that defendant in error can raise, by motion to suppress in the criminal action, his claim that his own testimony in the John Doe proceeding was illegally obtained. Should the alleged invalidity of

the John Doe proceeding become material on the merits of the action, he can pursue his challenges then.

I feel, however, that I must respectfully record a differing view in one particular. The opinion of the court, in deciding that the complaint which initiated the John Doe proceeding was apparently broad enough to authorize investigation of failure to report traffic violation convictions, appears to hold that where information upon which a criminal complaint is based came from a John Doe proceeding, such complaint could not authorize the issuance of a warrant unless the magistrate had had jurisdiction to investigate the type of offense alleged. It does not seem to me that any provision of the statute nor any consideration of fundamental fairness requires that view, and I would look only to the sufficiency of the criminal complaint upon which the warrant was issued.

I am authorized to state that Mr. Chief Justice CURRIE joins in this opinion.